THE STATE OF OHIO, APPELLEE, *v.* COOPER, APPELLANT.

(No. 9-113—Decided January 28, 1983.)

*Mr. John E. Shoop,* prosecuting attorney, for appellee.

*Mr. R. Paul LaPlante,* county public defender, for appellant.

COOK, J. On November 3, 1981, appellant, Mark A. Cooper, entered a guilty plea in the Lake County Court of Common Pleas to one count of grand theft and was sentenced to a term of one to five years at the Mansfield Reformatory. The court suspended execution of the sentence and placed appellant on probation conditioned on his attending a drug rehabilitation program at Lakeland Institute, five months at a halfway house with "minimum freedom" for work and medical reasons only, three A.A. meetings per week, and ninety days in jail.

Appellant successfully completed treatment at Lakeland Institute and entered Lake County Men's Halfway House on December 18, 1981. While there, despite the "minimum freedom" requirement for "work and medical reasons only," appellant accepted passes to visit at home with his wife who was convalescing from a recent miscarriage.

Appellant was brought before the court for the alleged violation of his probation. The court found he had violated the terms of his probation and sentenced him to a new sentence of six months to five years in the Mansfield Reformatory. Appellant has appealed the judgment

of the trial court and has filed the following two assignments of error:

"1. The trial court erred in revoking defendant's conditional probation absent notification of violation from the treatment center.

"2. The trial court erred in failing to explicitly inform defendant of his right to request conditional probation pursuant to R.C. Section 2951.04."

The assigned errors are without merit.

The first argument advanced by appellant is that he was placed on conditional probation pursuant to R.C. 2951.04 and therefore he could not be cited for a probation violation by the probation department and arrested by said department without any request from the treatment center. He contends such action by the probation department violated his constitutional right to due process.

R.C. 2951.02(A) provides:

"In determining whether to suspend sentence of imprisonment and place an offender on probation or to otherwise suspend an offender's sentence of imprisonment pursuant to division (C)(2) or (4) of section 2929.51 of the Revised Code, the court shall consider the risk that the offender will commit another offense and the need for protecting the public from the risk, the nature and circumstances of the offense, and the history, character, and condition of the offender."

R.C. 2951.04, in pertinent part, provides:

"(A) If the court has reason to believe that an offender convicted of a felony or misdemeanor is a drug dependent person or is in danger of becoming a drug dependent person, the court may, and when the offender has been convicted, the court shall advise the offender that he has a right to request conditional probation for purposes of treatment and rehabilitation.

"* * *

"(C) If the court finds that an offender is eligible for conditional probation, the court may suspend execution of the sentence imposed after completion of any period of actual incarceration which may be required by Chapter 2925. of the Revised Code, and place the offender on probation subject to Chapter 2951. of the Revised Code and under the control and supervision of the county probation department or the adult parole authority.

"Probation under this section shall be conditioned upon the offender's voluntary entrance into an appropriate treatment program or facility and his faithful submission to the treatment prescribed for his drug dependence or danger of drug dependence and upon other conditions as the court orders."

R.C. 2951.08 provides:

"During a period of probation, any field officer or probation officer may arrest the defendant without a warrant and bring him before the judge or magistrate before whom the cause was pending. Such arrest may also be made by any sheriff, deputy sheriff, marshal, deputy marshal, watchman, or police officer upon the written order of the chief probation officer, if the defendant is under the supervision of a county department of probation, or on the warrant of the judge or magistrate, or on the order of an officer of the adult parole authority created by section 5149.02 of the Revised Code, if the defendant is under its supervision."

From the above statutes we conclude that, when a drug dependent person is placed on conditional probation pursuant to R.C. 2951.04, the court may impose conditions of probation upon said person in addition to his voluntary entrance into an appropriate treatment program or facility. Such a probationer at all times is under the control and supervision of the county probation department while on probation. Upon the violation of any of the terms of his probation, said person is subject to citation or arrest by the county probation department for the purpose of bringing him before a judge for inquiry as

to whether or not he has violated any of the terms of his probation.

R.C. 2951.04(F), relied on by appellant, only provides for the arrest of one on conditional probation where the treating facility or program reports to the probation department that said person has refused to submit to treatment or has become a disciplinary problem at the facility.

The statutory power of a probation department to arrest one on probation is not limited by R.C. 2951.04(F) as to those on a conditional program. All persons on probation, including those on conditional probation, are under the control and supervision of the probation department and subject to arrest pursuant to R.C. 2951.08.

Appellant's arrest did not violate his constitutional due process rights.

Appellant also contends the court erred in failing to explicitly inform him of his right to request conditional probation pursuant to R.C. 2951.04.

In view of the fact appellant was placed on conditional probation pursuant to R.C. 2951.04, failure of the court to advise him of his right to request conditional probation does not constitute prejudicial error.

*Judgment affirmed.*

HOFSTETTER, P.J., and DAHLING, J., concur.