THE STATE OF OHIO, APPELLEE, *v.*
ORR, APPELLANT.

(No. 3499—Decided June 10, 1985.)

*Michael A. Scala,* city prosecutor, for appellee.

*David Hazelkorn,* for appellant.

COOK, J. On September 14, 1984, appellant, Patricia Orr, was charged with violating R.C. 959.13, cruelty to animals, a minor misdemeanor. At her initial appearance before the court, she was informed of the charge against her and asked to enter a plea. She pleaded "not guilty" to the charge. At the time of her first appearance, she signed a waiver of the statutory speedy trial requirements.

On October 18, 1984, appellant's trial date, she appeared and changed her plea to "no contest." The trial court found her guilty and fined her $25 plus costs and ordered her to make restitution to the Humane Society for its expenses incurred in the case in the amount of $95.

Appellant has appealed the judgment of the trial court and has filed the following four assignments of error:

"1. The trial court erred in not informing the defendant of her rights at arraignment according to the proper procedures.

"2. The trial court erred in not granting the defendant a speedy trial.

"3. The trial court erred in ordering restitution in a criminal action not involving theft or property damage.

"4. The trial court erred in setting fines and restitution which exceeded the amount the defendant, an indigent, could pay within the time allotted."

The first and third assignments of error are well-taken, but the second and

fourth assignments of error are without merit.

Crim. R. 5(A) outlines the procedure to be followed by a trial court at the initial appearance of a defendant:

"(A) Procedure upon initial appearance. When a defendant first appears before a judge he shall permit the accused or his counsel to read the complaint or a copy thereof, and shall inform the defendant:

"(1) Of the nature of the charge against him;

"(2) That he has a right to counsel and the right to a reasonable continuance in the proceedings to secure counsel, and, pursuant to Rule 44, the right to have counsel assigned without cost to himself if he is unable to employ counsel;

"(3) That he need make no statement and any statement made may be used against him;

"(4)   * * *

"(5) Of his right, where appropriate, to jury trial and the necessity to make demand therefor in petty offense cases.

"* * *

"In misdemeanor cases the defendant may be called upon to plead at the initial appearance. Where the defendant enters a plea the procedure established by Rule 10 and Rule 11 applies."

Since appellant was called upon to plead and did so at her initial appearance in court, the procedure established by Crim. R. 10 and 11 applied.

Crim. R. 10, in pertinent part, provides:

"(A) Arraignment procedure. Arraignment shall be conducted in open court, and shall consist of reading the indictment, information or complaint to the defendant, or stating to him the substance of the charge, and calling on him to plead thereto. The defendant may in open court waive the reading of the indictment, information or complaint.

The defendant shall be given a copy of the indictment, information or complaint, or shall acknowledge receipt thereof, before being called upon to plead.

"* * *

"(C) Explanation of rights. When a defendant not represented by counsel is brought before a court and called upon to plead, the judge shall cause him to be informed and shall determine that he understands:

"(1) He has a right to retain counsel even if he intends to plead guilty, and has a right to a reasonable continuance in the proceedings to secure counsel.

"(2) He has a right to counsel, and the right to a reasonable continuance in the proceedings to secure counsel, and, pursuant to Rule 44, the right to have counsel assigned without cost to himself if he is unable to employ counsel.

"(3) He has a right to bail, if the offense is bailable.

"(4) He need make no statement at any point in the proceeding, but any statement made can and may be used against him."

Crim. R. 11(E) provides:

"(E) Misdemeanor cases involving petty offenses. In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty.

"The counsel provisions of Rule 44(B) and (C) apply to this subdivision."

In the instant cause, the record reflects appellant was not informed of her rights as required by Crim. R. 5(A), 10(C) or 11(E).

The failure of the court to so inform appellant of her rights pursuant to the Criminal Rules constituted prejudicial error.

Appellant also contends that the court erred in not granting her a statutory speedy trial. However, the

record does not indicate that appellant requested the court to dismiss the charge against her for failure to timely bring her to trial. In addition, appellant, at her first court appearance, signed a waiver of the applicable speedy trial requirements.

Next, appellant argues the trial court erred in ordering restitution to the Humane Society in the amount of $95.

R.C. 2929.21(E), in pertinent part, provides:

"The court may require a person who is convicted of or pleads guilty to a misdemeanor to make restitution for all or part of the *property damage* that is caused by his offense or for all or part of the value of the *property that is the subject of any theft offense* * * *." (Emphasis added.)

In the instant cause, appellant was convicted of a minor misdemeanor and ordered to make restitution to the Humane Society for its expenses in the case. However, such expenses did not constitute property damage caused by her offense or the value of property that was the subject of a theft offense.

We conclude the court erred in ordering restitution to the Humane Society for its expenses.

Last, appellant contends the court violated R.C. 2929.22 in fining her $25 and costs ($30) and ordering her to pay $95 restitution to the Humane Society.

R.C. 2929.22, in pertinent part, provides:

"(A) In determining whether to impose imprisonment or a fine, or both, for misdemeanor, and in determining the term of imprisonment and the amount and method of payment of a fine, the court shall consider the risk that the offender will commit another offense and the need for protecting the public therefrom, the nature and circumstances of the offense, the history, character, and condition of the offender and his need for correctional or rehabilitative treatment, and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on him.

"* * *

"(F) The court shall not impose a fine or fines which, in the aggregate and to the extent not suspended by the court, exceeds the amount which the offender is or will be able to pay by the method and within the time allowed without undue hardship to himself or his dependents, or will prevent him from making restitution or reparation to the victim of his offense."

In the instant cause, the evidence indicated appellant was "going on welfare" and had two children to support. However, she indicated to the court she would pay the fine immediately, the restitution within thirty days, and the court costs within six weeks.

We conclude the court did not violate R.C. 2929.22.

The judgment is reversed and final judgment is entered for appellant.

*Judgment reversed.*

FORD, J., concurs.

DAHLING, P.J., concurs in judgment only.