CITY OF EASTLAKE, APPELLEE, *v.* KOSEC, APPELLANT.

(No. 11-021—Decided December 23, 1985.)

*John F. Trebets,* for appellee.

*Barragate & Barragate* and *Michael I. Greenwald,* for appellant.

FORD, J. On or about August 27, 1984, defendant-appellant, Nicholas Kosec, was cited for cruelty to animals, in violation of Section 505.07 of the Codified Ordinances of the city of Eastlake, a second degree misdemeanor. Appellant was the owner of ten dogs, all of which had been confined without sufficient food or water. The dogs were found by the Lake County Humane Society in a condition of malnutrition and dehydration, with two of the animals ultimately dying as a result of such condition. Contending that he had left the dogs in the care of another individual, appellant pleaded not guilty to the cruelty charge. Thereafter, on November 29, 1984, appellant pleaded guilty to the reduced charge of abandoning animals (Section 505.04, Eastlake City Code; cf. R.C. 959.01), a minor misdemeanor. Although the trial court fined appellant $100, such fine was suspended based on appellant's agreement to make restitution for approximately $900 in veterinarian bills. However, the court ordered that restitution be made within three months, placing appellant on active probation during such period of time. Appellant's dogs were confiscated and turned over to the humane society. It is from this judgment that appellant has timely filed his notice of appeal, raising the following assignment of error:

"The lower court erred when it sentenced the defendant to probation, and ordered confiscation of the defendant's animals, insofar as said sentence is

beyond the scope of punishment available to the court under a minor misdemeanor."

In his sole assignment of error, appellant contends that the trial court exceeded its authority in imposing punishment in two respects. Appellant first advances that since he pleaded guilty to a minor misdemeanor charge, he could only be fined a maximum of $100. R.C. 2929.21(D). In addition, appellant asserts that since he had a property right in the dogs, and the value of such "property" exceeded $100, the trial court could not order their confiscation on the basis of a minor misdemeanor conviction. Appellant's dogs were confiscated by the humane society based on an abuse complaint. R.C. 1717.09 provides, in pertinent part:

"A member * * * of a county humane society may * * * take possession of any animal cruelly treated in their respective counties * * * and deliver such animals to the proper officers of the society."

Accordingly, the trial court did not abuse its authority, as alleged by appellant, in confiscating appellant's animals. Under the circumstances of this case, we believe it would be a greater abuse to return the surviving dogs to appellant than to remove them from his possession.

Appellant also asserts that the trial court exceeded its authority in entering an order requiring appellant to make restitution for the veterinarian bills and placing appellant on active probation, until such bills were paid. The argument is well-taken.

"Whoever is convicted of or pleads guilty to a minor misdemeanor shall be fined not more than one hundred dollars." R.C. 2929.21(D).

It has been suggested that the maximum penalty that can be imposed for a minor misdemeanor is a fine only up to the amount of $100. See Committee Comment to Am. Sub. H.B. No. 511 relative to R.C. 2929.21.

Further, R.C. 2929.21(E) provides in part as follows:

"The court may require a person who is convicted of or pleads guilty to a misdemeanor to make restitution for all or part of the property damage that is caused by his offense and for all or part of the value of the property that is the subject of any theft offense, as defined in division (K) of section 2913.01 of the Revised Code, that the person committed.* * *"

This court had occasion to analyze the foregoing statutory language on the identical issue in *State* v. *Orr* (June 7, 1985), Trumbull App. No. 3499, unreported, where we stated:

"In the instant cause, appellant was convicted of a minor misdemeanor and ordered to make restitution to the humane society for its expenses in the case. However, such expenses did not constitute property damage caused by her offense or the value of property that was the subject of a theft offense.

"We conclude the court erred in ordering restitution to the humane society for its expenses." *Id.* at 5.

Accordingly, since R.C. 2929.21(D) limits punishment to a fine of not more than $100, we must conclude that the trial court lacked authority to order restitution and/or invoke probation for the instant offense, styled as a minor misdemeanor.

The judgment of the trial court is reversed in part and affirmed in part and the cause is remanded for sentencing pursuant to law and consistent with this opinion.

*Judgment accordingly.*

DAHLING, P.J., and COOK, J., concur.

DAHLING, P.J., concurring. I reluctantly concur with the majority. I agree that there was no damage to property as provided in R.C. 2929.21(E).

Possibly, the legislature should ad-

dress this situation so the code would provide that the humane society would be fully reimbursed.