THE STATE OF OHIO, APPELLEE, *v.* SWAN, APPELLANT.

(No. WMS-88-5 — Decided August 12, 1988.)

*Anthony L. Gretick,* prosecuting attorney, for appellee.
*Steven R. Bird,* for appellant.

*Per Curiam.* This cause is before the court on appeal from a judgment of the Williams County Court of Common Pleas.

Defendant-appellant, Ronald Leroy Swan, was indicted by the Williams County Grand Jury on September 30, 1987, for the offense of aggravated assault, a violation of R.C. 2903.12 (A)(1), a felony of the fourth degree. After plea negotiations, the indictment was amended to assault in violation of R.C. 2903.13(A), a misdemeanor of the first degree. Appellant entered a plea of no contest to the charge in the amended indictment. A finding of guilt was entered by the court on November 23, 1987, and a presentence investigation was ordered. On February 9, 1988, the trial judge stated that the presentence report revealed that the victim of the aforementioned offense lost wages of $4,940 and sustained medical expenses of $13,803. The court then proceeded to pronounce the following sentence:

"You are sentenced to the Williams County Jail for six months. I can-

not impose a fine because you are indigent and I don't think there'll be much change in that economic circumstance and I'm ordering that you make restitution, total medical bills of $13,803.52, lost wages of $4,940.00."

A timely notice of appeal was filed in regard to this judgment. The sole assignment alleged by appellant is that:

"The Trial Court erred in ordering restitution in a misdemeanor criminal action not involving theft or property damage."

Appellant's conviction in the case *sub judice* was for a misdemeanor of the first degree. Penalties for offenses of this level are prescribed in R.C. 2929.21(B)(1) and (C)(1) as a maximum of six months' incarceration and a fine of up to $1,000. R.C. 2929.21(E) provides that a person found guilty of a misdemeanor may be required to make "restitution for all or part of the property damage that is caused by his offense and for all or part of the value of the property that is the subject of any theft offense * * * that the person committed. * * *"

In the instant case, appellant was convicted of assault and ordered to make restitution for medical expenses and lost wages totaling almost $19,000. Such expenses do not constitute property damage caused by the offense or the value of property that was the subject of a theft offense. Hence, it was error for the trial court to order restitution which was beyond that permitted in R.C. 2929.21(E). See

*State* v. *Orr* (1985), 26 Ohio App. 3d 24, 26 OBR 192, 498 N.E. 2d 181; *Eastlake* v. *Kosec* (1985), 29 Ohio App. 3d 259, 29 OBR 322, 504 N.E. 2d 1180.

We hasten to note, however, that the trial court has discretion in selecting the terms and conditions of probation, including compensation to the victim. *State* v. *Cooper* (1983), 8 Ohio App. 3d 340, 8 OBR 451, 457 N.E. 2d 364. Clearly, a trial court in pursuit of justice could seek restitution for the victim of criminal activity. However, in addition to statutory limitations, care must be exercised to prevent injustice where damages are unliquidated. In some instances a civil forum is better able to determine the amount of restitution in question.

Accordingly, appellant's sole assignment of error is found well-taken.

Upon consideration whereof, we find that appellant, Ronald Leroy Swan, was prejudiced and prevented from having a fair proceeding, and the judgment of the Williams County Court of Common Pleas is reversed as to the portion of sentence providing for restitution. This cause is remanded to said court for resentencing, not inconsistent with this decision. Appellee is ordered to pay the court costs of this appeal.

*Judgment reversed*
*and cause remanded.*

RESNICK, P.J., HANDWORK and GLASSER, JJ., concur.