**The STATE of Ohio, Appellee,**

**v.**

**WOHLGEMUTH, Appellant.**

[Cite as *State v. Wohlgemuth* (1990), 66 Ohio App.3d 195.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 56508.

Decided Feb. 20, 1990.

*John T. Corrigan*, Prosecuting Attorney, and *Richard Wiegand*, Assistant Prosecuting Attorney, for appellee.

*Weiss, Neiditz & Assoc., Jerome Weiss* and *William T. Davis*, for appellant.

DYKE, Judge.

Appellant, Kenneth Wohlgemuth, pleaded guilty to two counts of gross sexual imposition of persons under the age of thirteen, a violation of R.C. 2907.05(A)(3).[1] Appellant was sentenced to concurrent one-year terms. Execution of the sentence was suspended. Appellant was placed on five years' probation, ordered to serve sixty days in jail, and participate in a sex offenders program and therapy, prohibited from child-related employment or coaching, and ordered to "pay restitution of $56,885.00." Appellant's assignments of error will be addressed out of order.

### Assignment of Error No. IV

"The trial court erred in ordering restitution in a felony criminal action not involving arson, theft, or property damage."

---

1. Appellant pleaded guilty to twice having "sexual contact with [a person less than thirteen years years of age]." "Sexual contact" is defined in R.C. 2907.01(B) as "touching of an erogenous zone of another * * * for the purpose of sexual arousing or gratifying either person."

R.C. 2929.11(A) states:

"Whoever is convicted of or pleads guilty to a felony * * * except as provided in division (D) or (E) of this section, shall be imprisoned * * * and, in addition, may be fined or required to make restitution, or both. * * * The fine and restitution shall be fixed by the court as provided in this section.

Divisions (D) and (E) of that section concern felonies of the third and fourth degree. Appellant pleaded guilty to a felony of the third degree. R.C. 2929.11(D) states:

"Whoever is convicted of or pleads guilty to a felony of the third or fourth degree * * * may be fined or required to make restitution. The restitution shall be fixed by the court as provided in this section."

R.C. 2929.11(E) states that the court shall require restitution in cases of theft in office, R.C. 2921.41(C)(2)(a), and, if appropriate, arson, R.C. 2909.03, or aggravated arson, R.C. 2909.02. R.C. 2929.11(E) continues, by stating:

"The court, in any other case, may require a person who is convicted of or pleads guilty to a felony to make restitution for all or part of the *property* damage that is caused by his offense and for all or part of the value of the property that is the subject of any theft offense * * *."

A similar statute, R.C. 2929.21(E), authorizes an order of restitution in the case of misdemeanors and states:

"The court may require a person who is convicted of or pleads guilty to a misdemeanor to make restitution for all or part of the property damage that is caused by his offense and for all or part of the value of the property that is the subject of any theft offense * * *."

In construing R.C. 2929.11(E), four counties held that a court may only order restitution for property damage and the value of stolen property and may not order restitution for medical bills. *State v. Theuring* (1988), 46 Ohio App.3d 152, 546 N.E.2d 436, and *State v. Swan* (1988), 51 Ohio App.3d 141, 554 N.E.2d 1374, both citing *Eastlake v. Kosec* (1985), 29 Ohio App.3d 259, 29 OBR 322, 504 N.E.2d 1180, and *State v. Orr* (1985), 26 Ohio App.3d 24, 26 OBR 192, 498 N.E.2d 181.[2]

With the exception of the level of offense to which the offender has pleaded or of which he has been found guilty, the language of R.C. 2929.11(E) and 2929.21(E) are the same. Appellee, the state of Ohio, contends, however, that "the rule in this county is clear that restitution for medical expenses may be

---

**2.** In *State v. Williams* (1986), 34 Ohio App.3d 33, 516 N.E.2d 1270, the issue was not whether an order of restitution was proper in cases other than theft or property damage. The text and the syllabi reflect that the holding concerned the evidence required; the court assumed the order was proper in an aggravated vehicular homicide case.

ordered as part of the terms of probation." (Appellee brief at 4.) Appellee cites *Brook Park v. Smith* (Aug. 14, 1986), Cuyahoga App. No. 51013, unreported, and concludes that "[j]ust as in the instant case, the Court in *Smith* permitted a suspension of a jail sentence contingent upon payment of restitution for medical bills."

In *Smith*, the defendant was convicted of complicity in causing others to assault the victim. Complicity is a first degree misdemeanor. The journal entry stated:

"42 days in jail and costs. Suspend jail at rate of 1 day for every $43.00 paid to victim, Jovan Novakovic. *Total restitution* to victim $1,800.00—over and above any money Insurance Company claims for subrogation rights. 3 years inactive probation, may terminate probation upon completion of sentence." (Emphasis added.)

The defendant argued that under R.C. 2929.21(E), "the court can order restitution solely to reimburse the victim for *property* damage." (Emphasis added.) *Id.* Despite the phrase "total restitution" this court rejected the defendant's argument.

"However, the court did not * * * order the defendant to pay the victim $1,800.00 as restitution. Rather, the court sentenced the defendant to jail. It then suspended that sentence and granted her probation on condition that she compensate the victim for damages caused by the offense in which she participated." *Id.*

In *Smith* the defendant had an option—serve the time or compensate the victim. Here, the journal entry read as follows:

"Defendant * * * is sentenced * * * under each count for a term of (1) year on each count, concurrent.

"Execution of sentence suspended, defendant placed on five years probation; serve sixty (60) days in county jail; seek and maintain employment outside field of elementary education as well as occupations involving association with children; discontinue coaching children's sports; University Hospital sex offenders program screening and counselling. Continue counselling with Dr. Susan Scharr; *pay restitution of $56,855.00.* Pay costs." (Emphasis added.)

Smith did not have to pay any amount. Appellant was ordered to pay restitution and must do so whether he serves the modified sentence or the original sentence upon revocation of probation for any violation. In *Smith*, this court found that the journal entry did not order restitution and therefore R.C. 2929.21(E) was inapplicable. *Smith* did not say that a court may order restitution for medical expenses.

 Here, there is an order of restitution. Even when the order of restitution is a condition of probation it is still an independent order that must be followed whether appellant serves the prison time or not. (In *Eastlake v. Kosec, supra,* the restitution order voided was a condition of probation.) The clear language of R.C. 2929.11(E) limits the authority of the trial court to order restitution to orders to pay property damage or the value of property stolen. The discretion of a court to fashion a sentence is limited by the language of R.C. 2929.11(E). The order of restitution was not authorized and is invalid. Assignment of Error No. IV is sustained. The order of restitution is reversed and vacated.

### Assignment of Error No. III

"The trial court erred by ordering restitution in an amount in excess of fifty eight thousand dollars ($58,000.00) and to place appellant on probation for five years."

R.C. 2929.22(F) prohibits a fine which exceeds the amount the offender is able to pay by a method and within a time allowed without undue hardship or which will prevent restitution. Appellant contends that the proscription should apply to an order of restitution. There is no comparable statute, but in any event appellant failed to provide any proof of his ability or inability to pay any order of restitution. On appeal there is simply a transcript of the plea in which there is the unsworn statement of counsel that appellant is on welfare. Accordingly, even if the restitution award were not void we could not reach the question of whether or not the standard in R.C. 2929.22(F) applies to restitution orders.

Appellant also contends that the trial judge abused his discretion when he sentenced appellant to five years' probation. Appellant argues that he is socially and economically paralyzed by the stigma of his conviction and the restrictive conditions of his probation.

 Appellant could have been sentenced to consecutive eighteen-month terms. R.C. 2929.11(D)(1). The trial judge had the discretion to place appellant on probation for a period not exceeding five years. R.C. 2951.07. An abuse of discretion implies an action that is unreasonable, arbitrary or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 172–173, 404 N.E.2d 144, 148–149. The victims were nine and eleven years of age. Given the offenses the length of probation cannot be said to be an abuse of discretion. Assignment of Error No. III is overruled.

### Assignment of Error No. I

"The trial court committed prejudicial error by imposing restitution in excess of fifty eight thousand dollars ($58,000.00) without holding a hearing to determine the propriety of such award or of that amount."

### Assignment of Error No. II

"The trial court erred by ordering restitution in excess of fifty eight thousand dollars ($58,000.00) where appellant is unable to make such a payment."

These assignments of error are without merit.

■ Appellant contends that due to the court's order that he refrain from teaching or coaching children he is unable to pay the ordered restitution despite a good faith effort to do so. He also argues that there was no evidentiary hearing to determine the damages and the costs.[3] The court's order adopted the recommendation of the psychologist who examined appellant. There is no evidence of the damages, costs or the effort or ability of appellant. A hearing is required to prove damages and the costs incurred. *State v. Irvin* (1987), 39 Ohio App.3d 12, 528 N.E.2d 1277. The court failed to hold a hearing at which evidence would be presented of the damages and costs and the effort and ability to pay. This plain error must be recognized to prevent a manifest miscarriage of justice. *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804. Had the order been valid this case would have been remanded for a hearing.

The judgment is reversed and vacated in part and affirmed in part. The order of restitution is vacated and the remainder of the sentence is upheld.

*Judgment accordingly.*

JOHN F. CORRIGAN, J., concurs.

PATTON, C.J., concurs separately.

PATTON, Chief Justice, concurring.

I concur with the holding reached today but believe that our decision is in conflict with *State v. Williams* (1986), 34 Ohio App.3d 33, 516 N.E.2d 1270.

*Williams* involved a defendant convicted of vehicular homicide and ordered to make restitution to the victims in the amount of $10,000 for costs involving medical and funeral expenses. The *Williams* court reversed and remanded

---

3. Appellant's counsel did fail to object to the order or request a hearing. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B).

for the sole purpose of ascertaining the economic loss suffered as a result of the offense.

*Williams* does not directly address the issue of whether R.C. 2929.11(E) provides there may be restitution for property damage only. My reading of *Williams* leads me to conclude that the court allowed restitution for medical and funeral expenses since the remand was solely to determine the exact amount payable as restitution. The court made reference to other authority for the proposition that there must be a due process ascertainment that the amount of restitution bears a reasonable relationship to the loss suffered. *Id.* at 34, 516 N.E.2d at 1271–1272. The court then held, " * * * we find that the trial court abused its discretion in ordering restitution in an *amount* which had not been determined to bear a reasonable relationship to the actual losses suffered." (Emphasis added.) *Id.* at 35, 516 N.E.2d at 1272. I believe the import of the remand was that the *Williams* court impliedly assumed that such expenses other than property damage were properly recoverable under the statute.

The instant case involves a similar issue of the victim of gross sexual imposition receiving restitution for medical expenses incurred as a result of the offense. We hold that recovery of medical expenses is not permitted under R.C. 2929.11(E) since such expenses are not "property damage" as required by the statute. Based on this apparent conflict with *Williams*, I would certify this matter to the Supreme Court for resolution of that conflict.