The STATE of Ohio, Appellee,

v.

FITZPATRICK, Appellant.

[Cite as *State v. Fitzpatrick* (1991), 76 Ohio App.3d 149.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 61311.

Decided Oct. 28, 1991.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, for appellee.

*Larry S. Gordon* and *Steven D. Shafron,* for appellant.

*Per Curiam.*

Defendant-appellant John Fitzpatrick, upon his conviction for theft (R.C. 2913.02), appeals the sentence of the Cuyahoga County Court of Common

Pleas. Appellant assigns one error for review. On review, we reverse the trial court.

## THE FACTS

On April 8, 1989, a two-count indictment was returned by the Cuyahoga County Grand Jury which charged defendant-appellant John Fitzpatrick and three codefendants with grand theft and falsification. Specifically, appellant was charged as an aider and abettor to various offenses in connection with the payment of funds by the Cuyahoga Metropolitan Housing Authority and the United States Department of Housing and Urban Development ("HUD"). Appellant Fitzpatrick entered a plea of guilty to a single count of fourth-degree theft.

## THE CASE

On April 8, 1989, a two-count indictment was handed down by the grand jury which charged appellant and three codefendants with grand theft and falsification.

On August 11, 1989, an amended fourteen-count indictment was returned which charged appellant and two codefendants with three counts each of forgery and uttering, two counts of grand theft, three counts of falsification and a single count of bribery.

During pretrial proceedings, the court dismissed five of the counts against appellant as barred by the applicable statute of limitations, and merged the two counts of grand theft into a single count.

On December 10, 1990 after a plea-bargain agreement, appellant Fitzpatrick entered a plea of guilty to an amended charge of theft (R.C. 2913.02), a fourth-degree felony.

Thereafter, on January 2, 1991, the court imposed sentence. Appellant was sentenced to a one-year term of imprisonment, all but nineteen days of which were suspended, and appellant was placed on probation for two years, conditioned upon appellant's giving two hundred hours of community service. The court further ordered appellant Fitzpatrick to pay one-sixth of the costs related to HUD's investigation and prosecutorial expenses as restitution.

It is from this sentence that appellant timely appeals.

## ASSIGNMENT OF ERROR

"The trial court was without authority to tax as part of the court costs to be borne by appellant one-sixth of the expense incurred by the government in investigating and prosecuting this case because the Ohio Revised Code does

not authorize the court to tax the expense of a criminal investigation and prosecution for theft."

Appellant argues in his sole assignment of error that the court erred in ordering him to pay one-sixth of the expense incurred by the government in its prosecution of him. Specifically, appellant argues that the court is without statutory authority to tax one-sixth of HUD's investigation and prosecution expenses.

This assignment of error is well taken.

Appellant argues that the court was without statutory authority to charge the government expense of investigation and prosecution to him because the statute does not expressly authorize such expense as court costs. Initially, it is not clear from the record whether the judge assessed the $5,000 amount as court costs or as restitution. We find, however, that the trial court erred in ordering appellant to pay $5,000.

A trial court's authority to order restitution is derived from R.C. 2929.11(E), which provides in pertinent part:

"(E) The court shall require a person who is convicted of or pleads guilty to a violation of section 2921.41 of the Revised Code, in the circumstances described in division (C)(2)(a) of that section, to make restitution for all of the property that is the subject of the offense, in accordance with division (C)(2) of that section."

R.C. 2921.41 states in pertinent part:

"(A) No public official or party official shall commit any theft offense, as defined in division (K) of section 2913.01 of the Revised Code, when either of the following applies:

"(1) The offender uses his office in aid of committing the offense, or permits or assents to its use in aid of committing the offense;

"(2) The property or service involved is owned by this or any other state or the United States, a county, municipal corporation, or township, or any political subdivision, department, or agency of any of them, or is owned by a political party, or is part of a political campaign fund.

"* * *

"[C](2)(a) A court that imposes sentence for a violation of this section based on conduct described in division (A)(2) of this section shall require the public official or party official who is convicted of or pleads guilty to the offense to make restitution for all of the property or the service that is the subject of the offense, in addition to the term of imprisonment and any fine imposed."

In the case *sub judice*, the court was without authority, pursuant to the above statutes, to impose the $5,000 amount for the costs of HUD's investigation and prosecution of the case. In *State v. Williams* (1986), 34 Ohio App.3d 33, 516 N.E.2d 1270, the court found that "the right to order restitution is limited to the actual damage or loss caused by the offense of which the defendant is convicted." *Id.* at 34, 516 N.E.2d at 1271.

In determining whether a condition of probation is related to the "interests of doing justice, rehabilitating the offender, and ensuring his good behavior" (R.C. 2951.02[C]), courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime for which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation. *State v. Jones* (1990), 49 Ohio St.3d 51, 550 N.E.2d 469. See, *e.g., United States v. Tolla* (C.A.2, 1986), 781 F.2d 29, 32–33; *State v. Maynard* (1988), 47 Ohio App.3d 76, 547 N.E.2d 409, at paragraph two of the syllabus; *State v. Livingston* (1976), 53 Ohio App.2d 195, 196–197, 7 O.O.3d 258, 258–259, 372 N.E.2d 1335, 1336–1337; *Howland v. Florida* (Fla.App.1982), 420 So.2d 918, 919; *Rodriguez v. Florida* (Fla.App.1979), 378 So.2d 7; *Nitz v. State* (Alaska App.1987), 745 P.2d 1379.

Herein, the $5,000 was related to the costs associated with the government's investigation and prosecution of appellant's felony. We hold that this amount was not limited to the actual damage or loss caused by the offense of which appellant was convicted, to wit, the offense of theft. Therefore, the court erred in ordering that this amount be paid by appellant, as restitution.

Further, the court was without authority, absent express statutory authorization, to tax this $5,000 as court costs. A trial court's authority to tax court costs is derived from statute and from Civ.R. 54(D).

Civ.R. 54(D) states:

"Costs. Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs."

This court in *Jones v. Pierson* (1981), 2 Ohio App.3d 447, 449, 2 OBR 542, 544, 442 N.E.2d 791, 794, established a two-prong test for awarding costs pursuant to Civ.R. 54(D):

(1) The trial court must determine if it is a necessary litigating expense; and

(2) If so, whether the litigating expense is reasonable to tax as costs in a particular case. See, also, *Bookatz v. Kupps* (1987), 39 Ohio App.3d 36, 528 N.E.2d 961.

Applying the two-prong test to the within case, we hold that the cost of investigation and prosecution of appellant may have been a necessary litigating expense, but it is an unusual expense which is not customarily taxed as a court cost. *Bookatz, supra.*

Accordingly, without express statutory authority, of which we find none, the trial court was without authority to tax as court costs the $5,000 investigation and prosecution expenses of the government.

Accordingly, appellant's assignment of error is well taken. The trial court erred in ordering appellant to pay $5,000, whether the amount was for restitution or court costs. Statutory authority prohibits restitution that is not reasonably related to the actual damage or loss caused by the offense, and absent express statutory authority, the court is prohibited from assessing as court costs the investigation and prosecution of the within offense.

For the foregoing reasons, the judgment of the trial court is reversed.

*Judgment reversed.*

MATIA, NAHRA and HARPER, JJ., concur.