The STATE of Ohio, Appellee,

v.

DONNELLY, Appellant.

[Cite as *State v. Donnelly* (1996), 109 Ohio App.3d 604.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 95CA006121.

Decided Feb. 28, 1996.

*Gregory A. White,* Lorain County Prosecuting Attorney, and *Lisa Locke-Graves,* Assistant Prosecuting Attorney, for appellee.

*James Burge,* for appellant.

BAIRD, Judge.

Defendant-appellant, Jean Donnelly, appeals from the decision of the Lorain County Court of Common Pleas rendered on April 3, 1995, which ordered her to repay the cost of an audit to the city of Amherst, Ohio, in the amount of $19,000. We affirm.

Appellant was the deputy treasurer and tax secretary for the city of Amherst. She was charged with, and pled guilty to, one count of theft in office, in violation of R.C. 2921.41(A)(2), a third-degree felony; she also pled guilty to a charge of tampering with records, in violation of R.C. 2913.42(A)(1), a fourth-degree felony. Specifically, it was alleged that, during her tenure, appellant altered income tax returns submitted by twenty-seven city residents and pocketed approximately $1,945.99 for herself as a result. According to the transcript of the sentencing hearing, appellant decided she was entitled to these funds because the city had refused to reimburse her for certain legal expenses she had previously incurred.

The city auditor ordered an audit of the city's records, apparently to investigate a shortage of funds derived from tax revenues. This audit, which cost $19,000, uncovered the evidence of appellant's behavior and led to her indictment. Appellant pled guilty and repaid the $1,945.99 she admitted stealing. The trial court sentenced her to prison for each offense but suspended that sentence and placed appellant on probation for five years. As one condition of her probation, Appellant was ordered to reimburse the city of Amherst for $19,000, the cost of the audit, at a rate of $320 per month. The other condition provided that appellant would pay the costs incurred by the city in prosecuting her within sixty days.

■ Appellant now asserts, in her sole assignment of error, that the trial court was without authority to impose repayment of the $19,000 audit expense as a condition of her probation.

I

"Upon the trial court's granting of probation to appellant after her conviction for theft in office, R.C. 2921.41(A)(2), it was error to impose as a condition of appellant's probation that she make restitution for the cost of the audit wherein the offense was discovered."

R.C. 2921.41(C)(2)(a) states that the court shall require repayment for the value of "all of the property * * * that is the subject of the offense." See, also, R.C. 2929.11(E). Appellant contends that, pursuant to the authority of *State v. Fitzpatrick* (1991), 76 Ohio App.3d 149, 153, 601 N.E.2d 160, 161–162, this statutory language precludes the trial court in the case *sub judice* from ordering

restitution of the costs of the audit. Appellant argues that the audit is not properly classified as the "subject of the offense." The state contends that, since the audit was required in order to discover appellant's criminal activity, it is properly considered a loss for which the court may impose a duty of restitution.

Other courts have held that expenses over and above the value of the property taken may not be ordered as restitution for sentencing purposes. See *Fitzpatrick, supra; State v. Wohlgemuth* (1990), 66 Ohio App.3d 195, 198–199, 583 N.E.2d 1076, 1078–1079; *State v. Theuring* (1988), 46 Ohio App.3d 152, 546 N.E.2d 436. In *Eastlake v. Kosec* (1985), 29 Ohio App.3d 259, 260, 504 N.E.2d 1180, 1181–1182, the Eighth District Court of Appeals held that it was inappropriate to order restitution as a condition of probation. However, that holding was based upon the fact that the defendant had been convicted of a minor misdemeanor. The trial court had suspended the $100 fine and placed the defendant on probation, as a condition of which the court required the defendant to pay restitution for $900 worth of veterinary bills. The *Kosec* court held that it was inappropriate for the trial court to have ordered restitution and probation for that offense, where the condition of probation at issue was repayment of veterinary bills of $900, an amount substantially in excess of $100, the maximum statutory penalty for a minor misdemeanor.

Similarly, in *State v. Crowe* (Aug. 12, 1992), Medina App. No. 2038–M, unreported, at 7–8, 1992 WL 194353, this court held that an order mandating restitution of the victim's medical costs for a misdemeanor assault conviction, which exceeded the amount of the maximum possible penalty and was not designed to repay actual property damage, was erroneous. In *Crowe*, we also determined that the amount of the challenged restitution failed to meet the due process requirements of *State v. Williams* (1986), 34 Ohio App.3d 33, 34, 516 N.E.2d 1270, 1271–1272, since determination of the amount of restitution was improperly delegated by the trial court to the probation department and thus bore no reasonable relationship to the crime charged. *Crowe, supra,* at 8. Insofar as our decision in *Crowe* expresses other grounds for invalidating restitution as a condition of probation, it is hereby overruled.

*Crowe* relied substantially on the authority of *State v. Swan* (1988), 51 Ohio App.3d 141, 142, 554 N.E.2d 1374, 1375. In *Swan,* the court ruled that an order of restitution, which, as in *Fitzpatrick,* was not made a condition of probation, exceeded the permissible scope of the court's authority. However, the *Swan* court also stated:

"We hasten to note, however, that the trial court has discretion in selecting the terms and conditions of probation, including compensation to the victim. *State v. Cooper* (1983), 8 Ohio App.3d 340 [8 OBR 451, 457 N.E.2d 364 (1983) ] * * *.

Clearly, a trial court in pursuit of justice could seek restitution for the victim of criminal activity." *Id.* at 142, 554 N.E.2d at 1375.

It is this reasoning which we find more germane with respect to the present case.

In the case *sub judice,* the "restitution" was *not* ordered as part of appellant's sentence, as was the case in *Fitzpatrick, Theuring,* and *Wohlgemuth.* It is apparent from the record that, by the time of the sentencing hearing, appellant had already repaid the amount she had stolen ($1,945.99). Therefore, the court did not need to order appellant to pay that amount as restitution under the statute.

However, the court did require repayment of the audit costs *as a condition of appellant's probation.* At the sentencing hearing, the trial court stated:

"Judgment of the law, sentence of the Court, Count No. One, Theft in Office, a Felony Three, one and a half years. Count No. Two, Tampering with Evidence, a Felony Four, one year, both of those to be served concurrently."

"I am going to suspend the imposition of that sentence and place you on five years' probation under two terms and conditions; that you be ordered to make full restitution to the City of Amherst for the $19,000 expenditure and that you pay that at $320 per month commencing with the first of May and every month until that amount has been paid over to the City; that you be ordered to pay the costs of prosecution within 60 days."

It is clear that the payment of the $19,000 was not strictly "restitution" within the meaning of the statutes, but was instead imposed as a condition of appellant's probation. Therefore, appellant was given a choice: she could either accept the terms of her probation, which included the repayment of the costs of the audit, or she could serve the sentence originally imposed by the trial court. See *State v. Bush* (1992), 83 Ohio App.3d 717, 718, 615 N.E.2d 709, 710; *State v. Wohlgemuth,* 66 Ohio App.3d at 198–199, 583 N.E.2d at 1078–1079; *Brook Park v. Smith* (Aug. 14, 1986), Cuyahoga App. No. 51013, unreported, 1986 WL 8987.

R.C. 2951.02(C) states:

"When an offender is placed on probation, * * * the probation * * * shall be at least on condition that, during the period of probation * * * he shall abide by the law and not leave the state without the permission of the court or his probation officer. In the interests of doing justice, rehabilitating the offender, and ensuring his good behavior, the court may impose additional requirements on the offender * * *. Compliance with the additional requirements shall also be a condition of the offender's probation * * *."

The Legislative Service Commission's comment to that section indicates that the court may impose "any additional conditions considered appropriate under the circumstances."

The issue, then, becomes whether the restitution of the audit costs was an appropriate condition of probation. The Supreme Court of Ohio has recognized that a trial court possesses wide, though not unlimited, discretion in imposing conditions of probation, and has established a three-pronged test to determine whether such conditions are validly imposed. The conditions must (1) be reasonably related to rehabilitating the offender, (2) have some relationship to the crime for which the offender was convicted, and (3) relate to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation. *State v. Jones* (1990), 49 Ohio St.3d 51, 53, 550 N.E.2d 469, 470–471; see, also, *State v. Graham* (1993), 91 Ohio App.3d 751, 753, 633 N.E.2d 622, 623–624.

Courts have held that restitution for child support arrearages, *State v. Lizanich* (1994), 93 Ohio App.3d 706, 710–711, 639 N.E.2d 855, 857–858; victim counseling, *State v. Bush*, 83 Ohio App.3d at 718, 615 N.E.2d at 710; and court-appointed attorney fees, *State v. McLean* (1993), 87 Ohio App.3d 392, 394, 622 N.E.2d 402, 403–404, may all be imposed, under appropriate circumstances, as valid conditions of probation. Appellant does not claim that repayment of such expenses is not valid when imposed as a condition of probation, nor is it apparent that the particular repayment condition in this case violates the *Jones* test.

Appellant has the option of complying with the requirements of her probation or serving her sentence. We do not find that repayment of the audit costs constitutes an improper condition of probation, given the offenses committed. Accordingly, appellant's assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and REECE, J., concur.