The STATE of Ohio, Appellee,

v.

CONKLE, Appellant.

[Cite as *State v. Conkle* (1998), 129 Ohio App.3d 177.]

Court of Appeals of Ohio,
Ninth District, Wayne County.

No. 98CA0005.

Decided July 15, 1998.

**178**

*Martin Frantz,* Wayne County Prosecuting Attorney, and *Susan J. Soddy,* Assistant Prosecuting Attorney, for appellee.

*David C. Knowlton,* for appellant.

REECE, Judge.

Appellant John H. Conkle appeals from the judgment of the Wayne County Municipal Court imposing as a condition of his probation that Conkle have no contact with his wife or her residence or her property during the period of probation. We affirm.

In August 1997, Conkle was charged with resisting arrest, in violation of R.C. 2921.33, and domestic violence, in violation of R.C. 2919.25(A). The charges apparently stem from an incident on August 3, 1997, when Conkle struck his wife several times and then resisted when three officers attempted to arrest him. Conkle pled no contest to the charges on October 22, 1997, and the Wayne County Municipal Court found him guilty.

Conkle was sentenced on December 11, 1997. The trial court imposed consecutive jail sentences totaling ninety days on the two charges, but suspended sixty days of the sentence and placed Conkle on probation for three years. One of the conditions of his probation was that Conkle was not to have any contact with his wife or her residence or her property while on probation. Conkle now appeals to this court.

Conkle asserts two assignments of error. In the first assignment of error, Conkle argues that the probation condition forbidding contact with his wife is unconstitutional. In the second assignment of error, Conkle argues that the trial court abused its discretion by imposing the probation condition at issue. Because the two assignments of error are related, we will address them together.

██ R.C. 2951.02(C)(1)(a) sets forth the requirements a trial court may place on a misdemeanant as conditions of probation. Several conditions are mandato-

ry, such as requiring the defendant to abide by the law. A trial court may impose additional requirements "[i]n the interests of doing justice, rehabilitating the offender, and ensuring the offender's good behavior[.]" *Id.* The trial court has broad discretion to fashion the conditions of probation. *State v. Donnelly* (1996), 109 Ohio App.3d 604, 608, 672 N.E.2d 1034, 1036–1037. However, the discretion is not unlimited, and certain conditions may be invalid. See *id.* In order for a condition to be validly imposed, the condition must "(1) be reasonably related to rehabilitating the offender, (2) have some relationship to the crime for which the offender was convicted, and (3) relate to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." *Id.* See, also, *State v. Jones* (1990), 49 Ohio St.3d 51, 53, 550 N.E.2d 469, 470–471.

■ We find that the requirement that Conkle have no contact with his wife or her residence or her property meets this test. First, it is reasonably related to the goal of rehabilitating Conkle. Second, the requirement bears a relationship to the crime at issue, domestic violence, since Conkle's wife was the victim of the crime. Third, the requirement is reasonably related to preventing future instances of domestic violence against Conkle's wife. Other courts have upheld similar probation conditions. See *State v. Sutley* (Dec. 14, 1990), Ashtabula App. No. 90–A–1495, unreported, at 9–11, 1990 WL 208811. See, also, *State v. Mueller* (1997), 122 Ohio App.3d 483, 486, 702 N.E.2d 139, 141 (condition of probation ordering defendant to vacate house jointly owned with victim of domestic violence permissible); *State v. Kidwell* (Feb. 16, 1995), Franklin App. No. 94APA06–883, unreported, at 7, 1995 WL 68164 ("Clearly appellant, in the case before us, could have been ordered to have no further contact with his wife as a condition of probation, or some other arrangement intended to minimize the potential for domestic violence[.]").

■ Conkle argues that the probation condition at issue unconstitutionally infringes on fundamental rights guaranteed by the United States and Ohio Constitutions and therefore must pass strict scrutiny to be valid. We disagree. In *State v. Livingston* (1976), 53 Ohio App.2d 195, 197, 7 O.O.3d 258, 259, 372 N.E.2d 1335, 1337, the court held that a probation condition prohibiting the defendant from bearing a child while on probation unconstitutionally burdened her right to privacy. However, the court did not engage in any analysis other than the three-pronged test outlined above. As long as a condition of probation meets this test, the imposition of the condition is not grounds for reversal. The condition of Conkle's probation prohibiting contact with Conkle's wife or her residence or her property is valid. Conkle's first and second assignments of error are overruled.

Conkle's assignments of error are overruled. The judgment of the Wayne County Municipal Court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., concurs.

MAHONEY, J., concurs separately.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, sitting by assignment.

EDWARD J. MAHONEY, Judge, concurring.

I concur but wish to point out that appellant's fear that these conditions may inhibit his right to visit his children can be overcome by motion to the court to arrange visitation through an intermediary or relative.