The STATE of Ohio, Appellee,

v.

BRILLHART, Appellant.

[Cite as *State v. Brillhart* (1998), 129 Ohio App.3d 180.]

Court of Appeals of Ohio,
Ninth District, Wayne County.

No. 98CA0004.

Decided Aug. 5, 1998.

*Martin Frantz,* Wayne County Prosecuting Attorney, and *Susan J. Soddy,* Assistant Prosecuting Attorney, for appellee.

*David C. Knowlton,* for appellant.

---

BAIRD, Presiding Judge.

Defendant-appellant Gregory L. Brillhart appeals the decision of the Wayne County Municipal Court imposing the condition of probation that Brillhart have no contact with his wife or children for two years. We affirm in part and reverse in part.

On November 13, 1997, an argument between Brillhart and his wife, Kimberly Brillhart, erupted into violence. Brillhart hit Kimberly on the side of the head with a cardboard box. Kimberly hit Brillhart back. Brillhart tackled Kimberly to their kitchen floor and struck her on the back of the head, her back, and her side. Brillhart dragged Kimberly into the living room and pinned her face down to the living room floor. Brillhart then grabbed Kimberly's hair and "smeared [her face] back and forth into the carpet," causing rug burns on Kimberly's face. Brillhart told Kimberly he was going to kill her and began to choke her. The couple's three-year old daughter witnessed these events. Kimberly eventually broke free from Brillhart's grasp, ran into the basement, and called 9-1-1.

A jury found Brillhart guilty of domestic violence in violation of 2919.25(C),[1] a misdemeanor of the fourth degree. The trial court sentenced Brillhart to thirty days in jail, twenty-seven of which were suspended. Brillhart was placed on probation for two years under the following conditions: (1) that Brillhart obey all laws, (2) that he report to the probation department as ordered and follow its rules and regulations, (3) that he attend and successfully complete a counseling program, (4) that he have no contact with "Kimberly Brillhart, her residence, her family, her property or her place of employment," and (5) that he pay the fine of $250 plus court costs.

Brillhart appeals, assigning two errors. It is the fourth condition of probation that is the subject of this appeal.

I

Brillhart's first assignment of error is:

---

1. R.C. 2919.25(C) provides:
   "No person, by threat of force, shall knowingly cause a family member to believe that the offender will cause imminent physical harm to a family or household member."

"The trial court abused its discretion in making a condition of defendant's probation that he have no contact with his wife or her family, including his children, as such restriction violates appellant's constitutional rights enumerated under the Fifth and Fourteenth Amendments to the United States Constitution, as well as the implicit right of privacy established through the Tenth Amendment, and Article I, § 20, of the Ohio Constitution."

Brillhart's second assignment of error is:

"The trial court abused its discretion in making a condition of defendant's probation that he have no contact with his family, including his children, as such a restriction fails to comply with the standards which are required of the conditions of probation." [2]

As these assignments of error are interrelated, we will consider them together.

## A. Statutory Challenge

R.C. 2951.02(C)(1)(a) governs the conditions of probation for misdemeanants and provides:

"[T]he probation or other suspension shall be at least on condition that, during the period of probation or other suspension, the offender shall abide by the law * * * and shall not leave the state without the permission of the court or the offender's probation officer. In the interests of doing justice, rehabilitating the offender, and ensuring the offender's good behavior, the court may impose additional requirements on the offender * * *. "

The trial court has broad, but not unlimited, discretion in fashioning the conditions of probation. *Id.* at 2–3, citing *State v. Donnelly* (1996), 109 Ohio App.3d 604, 608, 672 N.E.2d 1034, 1036–1037; see, also, *State v. Livingston* (1976), 53 Ohio App.2d 195, 196, 7 O.O.3d 258, 258–259, 372 N.E.2d 1335, 1336–1337. A valid condition of probation must (1) be reasonably related to rehabilitating the offender, (2) have some relationship to the crime for which the offender was convicted, and (3) relate to conduct that is criminal or reasonably related to future criminality and serves the statutory ends of probation. *Donnelly, supra.* [3] A court may nullify a condition of probation as failing to satisfy the three-part

---

**2.** This court recently addressed assignments of error nearly identical to the above assignments of error in *State v. Conkle* (1998), 129 Ohio App.3d 177, 717 N.E.2d 411.

**3.** The negative of this test is expressed in *Livingston, supra,* 53 Ohio App.2d at 197, 7 O.O.3d at 259, 372 N.E.2d at 1337:

"A condition of probation which (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to the future criminality or does not serve the statutory ends of probation is invalid."

test when it involves a "flagrant violation of a probationer's * * * privacy rights." *State v. McLean* (1993), 87 Ohio App.3d 392, 396, 622 N.E.2d 402, 405.

### B. Constitutional Challenge

■ Brillhart argues that the condition of his probation that he have no contact with his wife or children for two years "significantly burdens [Brillhart's] exercise of his fundamental right to privacy" as guaranteed by the United States and Ohio Constitutions, and is therefore invalid. In *State v. Jones* (1990), 49 Ohio St.3d 51, 53–54, 550 N.E.2d 469, 470–472, the Supreme Court of Ohio cited, with apparent approval, the holding of the Supreme Court of California in *People v. Mason* (1971), 5 Cal.3d 759, 764–765, 97 Cal.Rptr. 302, 488 P.2d 630, that a person convicted of a public offense enjoys a reduced expectation of privacy.

■ The three-part test set forth above addresses the competing concerns that arise in imposing conditions of probation. A condition of probation is not unconstitutional merely because a convicted person's reduced right to privacy is burdened. In *Jones, supra,* the Supreme Court of Ohio cited several cases in which Ohio courts have upheld conditions of probation that burdened or limited the probationers' constitutional rights in some way. The court also noted that "numerous federal courts have upheld conditions that limit a probationer's freedom to engage in otherwise lawful activities." *Id.,* 49 Ohio St.3d at 54, 550 N.E.2d at 472, fn. 1. Therefore, the only analysis necessary in determining whether a trial court abused its discretion in imposing a specific probation condition is the three-part test set forth in *Donnelly* and *Livingston.* See *State v. Conkle* (1998), 129 Ohio App.3d 177, 179, 717 N.E.2d 411, 412.

### C. Kimberly

■ The issue of whether a trial court may impose as a condition of probation the requirement that the probationer have no contact with the victim of the crime of domestic violence has been decided by this court. We found that that condition meets the three-prong test set forth in *Donnelly. Conkle,* 129 Ohio App.3d at 179, 717 N.E.2d at 412. See, also, *State v. Sutley* (Dec. 14, 1990), Ashtabula App. No. 90–A–1495, unreported, 1990 WL 208811. In *Conkle,* this court held that the trial court validly imposed the condition that Conkle have no contact with his wife or her residence or her property for three years. Therefore, the portion of Brillhart's probation condition prohibiting him from having contact with his wife for *two years* is neither an abuse of discretion nor unconstitutional.

## D. The Children

Brillhart argues that because the children were not the victims of the crime of which he was convicted, the condition of probation imposed by the trial court is invalid. In order to apply the three-part test set forth in *Donnelly*, it is useful to compare the probation condition at issue in this case to other probation conditions considered by Ohio courts.

### 1. Invalid Probation Conditions

In applying the above three-part test, one court invalidated a condition of probation requiring the probationer not to dress like a female because it was unrelated to his crime of domestic violence. *In re Miller* (1992), 82 Ohio App.3d 81, 86, 611 N.E.2d 451, 453–454. Another court invalidated a condition that a probationer convicted of disorderly conduct and possession of drug paraphernalia take birth control medication or have a tubal ligation because it did not relate to conduct that was in itself criminal or reasonably related to future criminality and did not serve the statutory ends of probation. *State v. Richard* (1996), 113 Ohio App.3d 141, 145, 680 N.E.2d 667, 669–670. Suspension of a probationer's driver's license as a condition of probation does not relate to the crime of domestic violence. *State v. Krug* (1993), 89 Ohio App.3d 595, 597, 626 N.E.2d 984, 985.

### 2. Valid Probation Conditions

A condition of probation for the crime of assault that prohibited the probationer from public places where alcohol was sold or served was upheld where the assault occurred in a bar. *State v. Demosthene* (1992), 78 Ohio App.3d 421, 423–424, 604 N.E.2d 1383, 1384–1386.

In *State v. Sheets* (1996), 112 Ohio App.3d 1, 9, 677 N.E.2d 818, 823, a condition of probation that required a probationer convicted of cruelty to ten horses to surrender all of his one hundred twenty-two horses was upheld because the condition would prevent future criminality and related to rehabilitation by "impliedly permitting the appellant to own and possess horses in the future."

A probationer's condition that she not operate a day-care center or babysit or have a child under the age of twelve in her home unless the child was supervised by the child's own parent was upheld because it related to the probationer's crime of abusing a child in her care. *Dover v. Colvin* (Dec. 6, 1994), Tuscarawus App. No. 94AP040027, unreported, 1994 WL 728234. In *Colvin*, however, the probationer was not convicted of abusing her own child.

In none of the above cases did the probation conditions deprive a probationer of such a fundamental right as the right to have a relationship with his or her children.

We find that the condition that Brillhart not see his children for two years when he was convicted of domestic violence against his wife is unrelated to the particular crime of which he was convicted. Although the evidence adduced at trial shows that the crime occurred in front of one of the children, this court finds that that is an insufficient basis to justify the imposition of a probation condition that will *completely* separate a father and his young children for two years. Such a condition places a substantial burden on Brillhart's constitutional privacy interest in his children without a comparable benefit under *Donnelly* and *Livingston.* The condition is not reasonably related to future criminality, nor does it serve the statutory ends of probation, which are justice, rehabilitation, and ensuring the offender's good behavior. R.C. 2951.02(C)(1)(a).

This is not to say that Brillhart may have unlimited access to his children. We only decide that the condition of Brillhart's probation that prohibits *all* contact with his children for a crime where the children were not the victims is invalid. We recognize the possible availability of other means that place a lesser restriction upon Brillhart's relationship with his children and still further the goals of rehabilitation and the prevention of future criminality by Brillhart. See *Conkle,* 129 Ohio App.3d at 180, 717 N.E.2d at 413. (Mahoney, J., concurring).

We acknowledge that there was testimony during the sentencing portion of the trial that Brillhart had attended counseling because he had a problem with anger and had once spanked his son too hard. In addition, Kimberly alleged that Brillhart had abused both her and the children on prior occasions. However, we are mindful that the statements by Kimberly were not evidence against him for the present crime, but statements made prior to sentencing. There is nothing in the record to indicate that Brillhart was ever convicted of abusing his children.

Brillhart's assignments of error are sustained in part. The condition of Brillhart's probation prohibiting all contact with his children is invalid. A finding that one of the conditions of probation is invalid does not affect the other valid conditions of probation. *Livingston, supra,* 53 Ohio App.2d at 198, 7 O.O.3d at 259–260, 372 N.E.2d at 1337–1338. The judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

MAHONEY, J., concurs.

REECE, J., dissents.

EDWARD J. MAHONEY, J., retired, of the Ninth District Court of Appeals, sitting by assignment.

REECE, Judge, dissenting.

I would affirm all of the conditions set by the trial court. The offense occurred in the presence of one of the children, who heard the defendant threaten to kill her mother while beating her mother. There was some presentation of past incidents concerning the children. While that may not have risen to the level of evidence, it was sufficient in the eyes of the trial court to compel the judge to attempt to protect the children. The trial judge, absent any showing of abuse of discretion, is in the best position to do that. I would affirm.