I respectfully dissent. Pursuant to R.C. 2929.21 (E), the court may require a person who is convicted of or pleads guilty to a misdemeanor to make restitution for all or part of the property damage that is caused by the offense. Medical expenses are not "property damage" and restitution for medical expenses is not appropriate except as a condition of probation. State v. Swan
(1988), 51 Ohio App.3d 141, 142; State v. Bruce (1994), 95 Ohio App.3d 169,173; State v. Bush (1992), 83 Ohio App.3d 717, 718;State v. Donnelly (1996), 109 Ohio App.3d 604, 606; State v.Pittman (1990), 61 Ohio App.3d 425, 427; State v. Jocelyn B.
(Aug. 8, 1997), Erie App. No. E-96-010, unreported; State v.Blosser (June 21, 1996), Perry App. No. CA-96-26, unreported;Brook Park v. Smith (Aug. 14, 1986), Cuyahoga App. No. 51013, unreported.
In State v. Wohlgemuth (1990), 66 Ohio App.3d 195, 197, this court construed R.C. 2929.21(E) and former R.C. 2929.11 (E)[2]
and observed that in fashioning a sentence, a court may order restitution for property damage and may not order restitution for medical bills. This court noted that the court had imposed the following sentence:
 "Defendant * * * is sentenced * * * under each count for a term of (1) year on each count, concurrent.
 "Execution of sentence suspended, defendant placed on five years probation; serve sixty (60) days in county jail; seek and maintain employment outside field of elementary education as well as occupations involving association with children; discontinue coaching children's sports; University Hospital sex offenders program screening and counseling. Continue counseling with Dr. Susan Scharr; pay restitution of $56,855.00. Pay costs."
The court then concluded that the provision requiring the payment of medical was an improper restitution order because the court's journal entry could not be interpreted to list the restitution order as merely a condition of probation. Accord State v.Pittman, supra, at 427.
In this instance, the challenged order does not list restitution as a condition of probation. Rather, restitution is one of three separate components of defendant's sentence. The restitution order was not made optional if the defendant wished to obtain probation.
Moreover, although Number 13 of the Standard Conditions of Probation states that if a defendant is "ordered to make restitution, failure to do so timely and in the manner ordered * * * constitutes a violation of probation," the sentence must withstand scrutiny on its own. The challenged order must clearly indicate that it is a condition of probation and it is no answer to simply subsume an objectionable portion of the sentence within the Standard Conditions of Probation. In short, the civil arena is the proper forum for obtaining this particular form of payment. State v. Bede (1996), 114 Ohio App.3d 585, 589.
[2] Restitution in felony cases is now governed by R.C.2929.18.