The STATE of Ohio, Appellee,

v.

BEDE, Appellant.

[Cite as *State v. Bede* (1996), 114 Ohio App.3d 585.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

Nos. 95-L-130 and 95-L-131.

Decided Sept. 30, 1996.

*Charles E. Coulson,* Lake County Prosecuting Attorney, *Ariana E. Tarighati* and *Taylir K. Linden,* Assistant Prosecuting Attorneys, for appellee.

*David J. Sternberg* and *Nadine Albenze,* for appellant.

---

JOSEPH E. MAHONEY, Judge.

On October 8, 1994, appellant, Larry L. Bede, was operating his father's motor vehicle at a high rate of speed in Madison Township, Ohio, when he lost control of the vehicle, crossed the center line, and struck an oncoming vehicle. Two of appellant's four passengers died in the accident, and three passengers in the vehicle he struck were seriously injured.

On February 1, 1995, appellant was indicted by the Lake County Grand Jury on two counts of aggravated vehicular homicide, in violation of R.C. 2903.06; two counts of aggravated vehicular assault, in violation of R.C. 2903.08; and two counts of involuntary manslaughter, in violation of R.C. 2903.04. On March 9, 1995, appellant was indicted on a separate count of aggravated vehicular assault. Subsequently, the indictments from both cases were joined because they arose

out of the same occurrence, and the cases were consolidated for trial purposes only.

On May 23, 1995, appellant pleaded guilty to the two counts of aggravated vehicular homicide and all three counts of aggravated vehicular assault. The trial court entered a *nolle prosequi* on the two counts of involuntary manslaughter.

On July 17, 1995, the trial court sentenced appellant to an indefinite term of incarceration of two to ten years on each of the aggravated vehicular homicide counts, to be served consecutively to each other, and a definite term of incarceration of eighteen months on each of the three aggravated vehicular assault counts, to be served concurrently with each other and the aforementioned counts. Execution of sentence was suspended. Additionally, appellant's driver's license was suspended for a total of nine years. Finally, appellant was placed on probation for a period of five years with the following conditions:

"1. The defendant is to serve the first six (6) months of probation in the Lake County Jail in Painesville, Ohio;

"2. The defendant is to be evaluated by Lake County Mental Health;

"3. The defendant is to obtain his G.E.D.;

"4. The defendant is to maintain full-time employment or show to the Lake County Adult Probation Department's satisfaction that he is seeking employment;

"5. The defendant is to make restitution for medical and funeral expenses incurred by the families and not covered by insurance; and

"6. The defendant is to complete four hundred (400) hours of community service."

Appellant timely filed a notice of appeal with the following assignment of error:

"The trial court exceeded its authority in ordering restitution to the victims and/or the victim's [*sic*] families for funeral and medical expenses."

In the sole assignment of error, appellant contends that the trial court erred in ordering restitution to the victims and/or their families for funeral and medical expenses.

The version of R.C. 2929.11(E) in effect at the time provided:

"The court * * * may require a person who is convicted of or pleads guilty to a felony to make restitution for all or part of the property damage that is caused by his offense * * *."

R.C. 2929.21(E) gives the court the same type of discretion, but it applies to misdemeanor convictions. It states:

"The court may require a person who is convicted of or pleads guilty to a misdemeanor to make restitution for all or part of the property damage that is caused by his offense * * *."

Appellee argues, however, that the version of R.C. 2951.02(C) in effect at the time gave the trial court greater latitude in setting conditions for probation beyond restitution for property damage. That section provided:

"When an offender is placed on probation, or when his sentence otherwise is suspended pursuant to division (D)(2) or (4) of section 2929.51 of the Revised Code, the probation or other suspension shall be at least on condition that, during the period of probation or other suspension, he shall abide by the law and not leave the state without the permission of the court or his probation officer. In the interests of doing justice, rehabilitating the offender, and ensuring his good behavior, *the court may impose additional requirements on the offender, including, but not limited to,* requiring the offender to make restitution for all or part of the property damage that is cause by his offense and for all or part of the value of the property that is the subject of any theft offense, as defined in division (K) of section 2913.01 of the Revised Code, that the person committed. Compliance with the additional requirements shall also be a condition of the offender's probation or other suspension." (Emphasis added.)

This court's decision in *State v. Savchuk* (Sept. 15, 1995), Lake App. No. 93–L–187, unreported, however, is dispositive of this issue. In *Savchuk*, the facts were similar to those in the case *sub judice*, in that the defendant was convicted of vehicular homicide and the trial court ordered him to pay restitution to the victim's family for funeral and counseling expenses as a condition of probation.

We reversed the decision of the trial court, stating:

"This court has previously held that R.C. 2929.21(E) does not permit a trial court to order restitution for 'nonproperty' damages, such as veterinary bills or medical expenses. *Eastlake v. Kosec* (1985), 29 Ohio App.3d 259 [29 OBR 322, 504 N.E.2d 1180]; *Warren v. Solak* (June 28, 1991), Trumbull App. No. 90–T–4449, unreported [1991 WL 117027]. See, also, *State v. Wohlgemuth* (1990), 66 Ohio App.3d 195 [583 N.E.2d 1076]; *State v. Swan* (1988), 51 Ohio App.3d 141 [554 N.E.2d 1374].

" * * *

"In *State v. Morrison* (Dec. 19, 1991), Gallia App. No. 90CA26, unreported [1991 WL 286093], an argument similar to appellee's was advanced. In *Morrison*, it was argued that the language 'including, but not limited to' authorized the trial court to order restitution for non-property damages. This argument was rejected by the court which held that R.C. 2929.21(E) and R.C. 2951.02(C) must be read together. * * *

" * * *

"We agree with the *Morrison* court's analysis and hold that R.C. 2951.02(C) must be read together with R.C. 2929.21(E), which does not permit orders of restitution for non-property damages. As we stated in *Solak* at 5, the civil arena is best suited for such an award." *Savchuk* at 24–25.

Appellee relies on the decision of the Supreme Court of Ohio in *State v. Warner* (1990), 55 Ohio St.3d 31, 564 N.E.2d 18, wherein the court held that financial losses constitute "property damage" within the meaning of R.C. 2929.11. *Warner* is distinguishable, however, in that it involved a theft offense. Financial losses that occur in the course of a theft offense are different in nature from those in the present case that are for funeral and medical expenses resulting from an automobile accident. While property, as that term is used in R.C. 2929.11(E), may include financial losses resulting from a theft offense, it does not include funeral and medical expenses that result from aggravated vehicular homicides. Criminal statutes must be strictly construed against the state, and liberally construed in favor of the accused. R.C. 2901.04(A); *State v. Morgan* (1994), 71 Ohio St.3d 178, 179, 642 N.E.2d 1090, 1091.

Based upon the same reasoning employed in *Savchuk,* we hold that a trial court lacks authority to order restitution for non-property damages pursuant to R.C. 2929.11(E) and 2951.02(C).

Appellant's sole assignment of error is sustained.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Costs are assessed to appellee.

*Judgment reversed*
*and cause remanded.*

FORD, P.J., and CHRISTLEY, J., concur.