OPINION
Appellant, Jeremy Waldron, appeals from the judgment by the Ashtabula County Court of Common Pleas, convicting him of two counts of involuntary manslaughter, in violation of R.C.2903.04(B), and two counts of vehicular homicide, with driving under the influence of alcohol ("DUI") specifications, in violation of R.C. 2903.07.
Appellant's convictions stem from conduct that occurred on September 11, 1997. Appellant failed to observe a stop sign posted at the intersection of Marvin Road and State Route 7 in Andover Township, Ashtabula County, Ohio, and collided with a vehicle occupied by Michael Forsythe and David Shaffer. As a result of injuries sustained in the accident, Forsythe and Shaffer died later that evening. Appellant was intoxicated at the time of the accident.
On February 3, 1998, appellant was indicted by the Ashtabula County Grand Jury on two counts of involuntary manslaughter with DUI specifications, in violation of R.C.2903.04(B), and two counts of aggravated vehicular homicide with DUI specifications, in violation of R.C. 2903.07. On February 17, 1999, a jury trial commenced. The jury returned a verdict of guilty on two counts of involuntary manslaughter and two counts of vehicular homicide with DUI specifications. The trial court sentenced appellant to serve two five-year terms of incarceration for the counts of involuntary manslaughter and two six-month terms of incarceration for the counts of vehicular homicide. The trial court ordered that all sentences be served concurrently, permanently revoked appellant's driving privileges, and ordered appellant to reimburse the victims' families for funeral expenses. From his judgment of conviction, appellant assigns the following errors:
 "[1.] The trial court is not permitted to order restitution for funeral expenses resulting from involuntary manslaughter and vehicular homicide.
 "[2.] Appellant's conviction and sentence for involuntary manslaughter were in violation of appellant's rights pursuant to the Fifth and Eighth Amendments of the United States Constitution, Article 1, Section 9, of the Ohio Constitution, and Ohio Rev. Code Section 2941.25."
In his first assignment of error, appellant alleges that the trial court had no authority to order restitution for funeral expenses resulting from involuntary manslaughter and vehicular homicide. Appellant contends that a trial court lacks authority to order restitution for non-property damages to a victim's family. Because appellant failed to object to the trial court's order of restitution, this court is precluded from taking notice of any error unless it rises to the level of plain error under Crim.R. 52(B). See State v. Marbury (1995),104 Ohio App.3d 179, 661 N.E.2d 271. Notice of plain error under Crim.R. 52(B) is to taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Long (1978),53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus.
Appellant relies on State v. Bede (1996), 114 Ohio App.3d 585,683 N.E.2d 817, in which this court construed R.C.2929.11(E),[1] which was in effect prior to July 1, 1996, and held that a trial court has no authority to order restitution for funeral and medical expenses that result from an aggravated vehicular homicide, a felony of the third degree. The holding inBede was predicated upon an interpretation of a statute that is no longer in effect; R.C. 2929.11(E) has no bearing on the instant case because appellant's criminal conduct occurred on September 11, 1997, subsequent to amendments governing criminal sentencing, which became effective on July 1, 1996.
R.C. 2929.18 governs the trial court's authority to order restitution and provides in part:
 "(A) Except as otherwise provided in this division and in addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section[.] * * * Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:
 "(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. * * *
The version of R.C. 2929.01(M) in effect at the time of the crime defines "economic loss" as:
 "any economic detriment suffered by a victim as a result of the commission of a felony and includes any loss of income due to lost time at work because of any injury caused to the victim, and any property loss, medical cost, or funeral expense incurred as a result of the commission of the felony."
Because the crimes for which appellant was convicted were felonies, the trial court had authority, pursuant to R.C. 2929.18, to order appellant to reimburse the families of Michael Forsythe and David Shaffer for funeral expenses; therefore, appellant's first assignment of error has no merit.
In his second assignment of error, appellant alleges that the trial court violated his Fifth and Eighth Amendment rights by entering convictions and sentencing him on both involuntary manslaughter and vehicular homicide. Appellant contends that involuntary manslaughter and vehicular homicide are allied offenses of similar import in this case because the same conduct gave rise to both charges. Because appellant failed to object to being sentenced for both offenses, this court will reverse the trial court's judgment only if the alleged error constitutes plain error. See State v. Comen (1990), 50 Ohio St.3d 206,211, 553 N.E.2d 640.
R.C. 2941.25 governs allied offenses of similar import and provides:
 "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all them."
Appellant relies on State v. Chippendale (1990), 52 Ohio St.3d 118,122, 556 N.E.2d 1134, for the proposition that although the prosecution may charge on and try both vehicular homicide and involuntary manslaughter, the defendant may be sentenced for only one of the offenses. The decision in Chippendale was based upon the interpretation of allied offenses set forth in Newark v.Vazirani (1990) 48 Ohio St.3d 81, 549 N.E.2d 520; however, in State v. Rance (1999), 85 Ohio St.3d 632,710 N.E.2d 699, the Supreme Court of Ohio specifically overruled Vazirani. Id. at paragraph one of the syllabus. In Rance, the court clarified the test for deciding whether charged crimes are allied offenses of similar import and determined that:
 "[U]nder an R.C. 2941.25(A) analysis the statutorily defined elements of offenses that are claimed to be of similar import are compared in the abstract. * * * Courts should assess, by aligning the elements of each crime in the abstract, whether the statutory elements of the crimes `correspond to such a degree that the commission of one crime will result in the commission of the other.'" [Emphasis in original.] [Citations omitted.]
If the elements of the crimes so correspond, the crimes are allied offenses of similar import. If they do not, the offenses are of dissimilar import and the court's inquiry ends the multiple convictions are permitted. Id. at 636.
In the instant case, appellant was convicted of involuntary manslaughter, which requires causing the death of another as a proximate result of the offender's committing or attempting to commit a minor misdemeanor. R.C. 2903.04(B). Appellant was also convicted of vehicular homicide, which requires negligently causing the death of another while operating a motor vehicle. R.C. 2903.07(A). Involuntary manslaughter does not require that the death be negligently caused by operating a motor vehicle. In fact, involuntary manslaughter resulting from a violation of R.C. 4511.45, the minor misdemeanor of running a stop sign, is a strict liability offense. State v. Szefcyk (1995),104 Ohio App.3d 118, 661 N.E.2d 233. "[T]he intent to commit involuntary manslaughter is the intent assigned to the underlying offense." State v. Baksi (Dec. 23, 1999), Trumbull App. No. 98-T-0123, unreported. Vehicular homicide does not require that the death be the proximate result of committing or attempting to commit a minor misdemeanor.
Because each offense requires proof of an element that the other does not, they are not allied offenses of similar import. These offenses are of dissimilar import based on an abstract comparison of the statutory elements. In State v. Rivers
(July 27, 1999), Franklin App. No. 98AP-1322, unreported, the Tenth Appellate District analyzed the elements of involuntary manslaughter and vehicular homicide under the Rance test and reached the same result. The trial court did not err by sentencing appellant for both involuntary manslaughter and vehicular homicide. Appellant's second assignment of error has no merit.
For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is affirmed.
 _________________________ JUDGE ROBERT A. NADER
CHRISTLEY, P.J., concurs with concurring opinion,
O'NEILL, J., dissents with dissenting opinion.
[1] R.C. 2929.11(E) provided in part:
 "The court * * * may require a person who is convicted of or pleads guilty to a felony to make restitution for all or part of the property damage that is caused by his offense and for all or part of the value of the property that is the subject of any theft offense."