OPINION
On September 29, 1999, William R. Mayfield, Jr. filed a criminal complaint against appellant, Len E. Ross, in the Painesville Municipal Court, alleging that, on August 27, 1999, appellant had committed assault against him, a misdemeanor of the first degree.
On January 13, 2000, appellant pleaded no contest to disorderly conduct, a misdemeanor of the fourth degree. During the sentencing hearing, the following discussion occurred:
 The Court: "Court will enter a finding of guilty, the maximum is 30 days in jail; the court will impose the following sentence: 17 days Lake County Jail, to begin with Friday, December
 Mr. DiFranco (for appellant): "Next weekend, if possible."
 The Court: "Next weekend will be the 21st, at 6:00 p.m. Defendant may serve his first two days of the jail sentence followed by 15 days of house arrest. And that will leave the balance of 13 days suspended, probation for a period of four months, restitution, if any, (inaudible), is that correct?
Mr. Powers (for the state): "Yes.
 The Court: "Not covered by insurance. $500.00 and cost.
Mr. DiFranco: "Thank you, your Honor."
On the same day, the trial court issued a judgment entry incorporating what was said at the hearing as appellant's sentence. The judgment entry included the above discussed requirement that appellant reimburse the victim for his medical costs not covered by insurance.
On January 27, 2000, appellant filed a motion to modify his probation, requesting that the order for restitution of the victim's medical costs be removed as a condition. On February 1, 2000, the trial court overruled appellant's motion and concluded that the condition was proper because it was the result of a negotiated plea to a lesser charge. Appellant assigns the following as error:
 "The trial court erred to the prejudice of the defendant-appellant when it ordered him to pay restitution of the victim's medical bills as a term of his probation."
R.C. 2929.21(E) allows a court to "require a person who is convicted of or pleads guilty to a misdemeanor to make restitution for all or part of the property damage that is caused by the offense." R.C. 2929.21(E) does not permit a trial court to order restitution for non-property damages, such as veterinary bills or medical expenses. State v. Bede (1996),114 Ohio App.3d 585, 589, 683 N.E.2d 817.
The contention of the trial court and appellee is that this case involves a negotiated plea agreement, which appellant cannot appeal. SeeState v. Charles (Oct. 22, 1999), Ashtabula App. No. 98-A-0043, unreported. Although the prosecution agreed to allow appellant to plead to a lesser charge, nothing in the record would support that appellant's promise to pay Mr. Mayfield's medical expenses was part of any plea agreement. No plea agreement is present in the record. The decisions made in imposing sentence were solely by the trial court.
Although not argued by appellant, we remind the trial court that before accepting a plea of no contest in a misdemeanor case involving a petty offense, the trial court is required to inform the defendant of the effect of the plea, including an explanation of the constitutional rights that the defendant waives, in accordance with Crim.R. 11(E). SeeGarfield Heights v. Brewer (1984), 17 Ohio App.3d 216, 217-218,479 N.E.2d 309.
Appellant's sole assignment of error has merit. The trial court erred by requiring appellant to pay the victim's medical bills as part of his probation. We reverse and remand for further proceedings not inconsistent with this opinion.
 ___________________________ JUDGE ROBERT A. NADER
CHRISTLEY, P.J., O'NEILL, J., concur.