The STATE of Ohio, Appellee,

v.

LUMAYE, Appellant.

[Cite as *State v. Lumaye* (1992), 76 Ohio App.3d 823.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–868.

Decided Feb. 6, 1992.

*Michael Miller,* Prosecuting Attorney, and *Joyce S. Anderson,* Assistant Prosecuting Attorney, for appellee.

*McCarthy, Palmer, Volkema & Becker* and *Robert G. Palmer,* for appellant.

PEGGY BRYANT, Judge.

Defendant-appellant, Gregory B. Lumaye, appeals from a judgment of the Franklin County Court of Common Pleas denying his application for expungement of his criminal record.

The record before us is brief, reflecting that on April 26, 1991, defendant filed an application for expungement of a conviction arising out of case No. 81CR–03–896 in the Franklin County Common Pleas Court. On June 4, 1991, the state filed an objection to the application under R.C. 2953.32(B), contending that the Department of Probation's expungement investigation demonstrated that defendant did not meet the definition of a "first offender" under R.C. 2953.31(A). On July 10, 1991, the trial court denied defendant's application, finding defendant "is not eligible for relief as a 'first offender.' See 2953.31(A) R.C." An entry to that effect was filed July 15, 1991.

Defendant timely appealed, asserting two assignments of error:

"I.   There was insufficient evidence presented to the lower court for it to make a determination that appellant was not a 'first offender' under O.R.C. § 2953.31.

"II.   Appellant is a 'first offender' under O.R.C. § 2953.31 inasmuch as he had no subsequent convictions within the three year waiting period."

In his first assignment of error, defendant contends that the trial court had insufficient evidence to determine that appellant was not a first offender under R.C. 2953.31.

As noted above, the record before us is sparse.   While the trial court overruled defendant's motion to expunge his conviction, the trial court offered no reason for its decision;   and defendant requested no findings of fact. Further, in oral argument defendant indicated that an informal conference was held with the trial judge prior to his decision, the contents of which are not part of the record.

In the absence of a transcript of the proceedings before the trial judge or an alternative statement under App.R. 9, which defendant bears the burden of producing, we must presume the regularity of the trial court proceedings. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 15 O.O.3d 218, 400 N.E.2d 384.   Since, on the face of the record, we are unable to discern that the trial court has erred, and we are unaware of what evidence may have been presented to the trial court during the informal conference mentioned in oral argument, we overrule defendant's first assignment of error.   See *State v. Rinehart* (July 18, 1991), Montgomery App. No. 12497, unreported, 1991 WL 131704.

In his second assignment of error, defendant contends that he is a first offender, having had no subsequent convictions within the three-year waiting period.

R.C. 2953.31(A) defines a "first offender" as:

" * * * anyone who has been convicted of an offense in this state or any other jurisdiction, and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act, or result from offenses committed at the same time, they shall be counted as one conviction."

Further, R.C. 2953.32 specifies that:

"(A)(1) Except as provided in section 2953.61 of the Revised Code, a first offender may apply to the sentencing court if convicted in this state, or to a

court of common pleas if convicted in another state or in a federal court, for the sealing of the record of his conviction, at the expiration of three years after his final discharge if convicted of a felony, or at the expiration of one year after his final discharge if convicted of a misdemeanor."

Defendant apparently asserts that so long as he has no subsequent convictions for a period of three years, he qualifies as a first offender. We disagree. According to R.C. 2953.31, a first offender is one who has been convicted of an offense, " * * * *and who previously or subsequently has not been convicted of the same or a different offense* in this state or any other jurisdiction. * * * " (Emphasis added.) Hence, under the language of R.C. 2953.31, simply failing to have any subsequent convictions for a period of three years is insufficient to qualify defendant as a first offender. Defendant's second assignment of error is overruled.

Having overruled both of defendant's assignments of error, we affirm the judgment of the trial court.

*Judgment affirmed.*

JOHN C. YOUNG and TYACK, JJ., concur.