DECISION AND JUDGMENT ENTRY
This appeal comes to us from the Perrysburg Municipal Court. There, the trial court determined that appellant violated a probation order. Because we conclude that there was sufficient evidence to support the trial court's ruling, we affirm.
On July 20, 2000, appellant, C. A. Hayes, pled no contest and was found guilty of telephone harassment in the Perrysburg Municipal Court. The phone call which resulted in this conviction came out of a neighborhood dispute at the Glen Eagle Condominium complex where both appellant and the victim lived. The trial court sentenced appellant to one hundred eighty days jail time. The jail time was suspended on condition that appellant have, "* * * no contact whatsoever w/residents of Glen Eagle Condominium. [Appellant] is permitted in the common area only." Appellant was placed on eighteen months probation, conditioned on good behavior and her abiding by the no contact order.
On September 11, 2000, a Glen Eagle resident reported to police a confrontation with appellant. The complainant told police that as she was driving out of the Glen Eagle complex, she encountered appellant about to enter from a public road. According to the complainant, appellant positioned her car in such a manner as to block the complainant's exit. Appellant purportedly maintained this position for several minutes. According to the complainant, appellant eventually turned into the complex driveway yelling, "you asshole" as she passed.
The complaint prompted the trial court to set the matter for a hearing to determine whether there was probable cause to revoke appellant's probation.
At the hearing, the complainant reiterated her prior statement to police, denying that she had blocked the driveway or otherwise caused the confrontation. Appellant admitted she had remained on the highway at the complex entrance from two to four minutes before turning, but she denied calling the complainant an "asshole."
At the end of the hearing, the court stated that it found the complainant's testimony more believable than appellant's. The court concluded that probable cause of a probation violation existed. The matter then proceeded to a show cause hearing at which the parties stipulated, "* * * that the facts as presented at the probable cause hearing by the State will be adopted by the Court * * *."
Appellant's psychiatrist, the only person who testified at the show cause hearing, reported that in addition to suffering from depression, appellant has an unspecified personality disorder which causes her to, "overreact to situations."
At the conclusion of the hearing, the court found appellant violated the terms of her probation. The court extended the period of probation by eighteen months, reiterated its order of no contact with residents of Glen Eagle Condominiums and further ordered her not to, "* * * permit a third party to contact * * *" anyone at Glen Eagle. It is from this determination and order that appellant now brings this appeal, setting forth the following two assignments of error:
"ASSIGNMENT OF ERROR NO. 1:
 THE DECISION OF THE TRIAL COURT FINDING DEFENDANT GUILTY OF VIOLATING A CONDITION OF PROBATION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
"ASSIGNMENT OF ERROR NO. 2:
 THE ADDITIONAL TERMS OF PROBATION IMPOSED BY THE TRIAL COURT VIOLATE DEFENDANT-APPELLANT'S CONSTITUTIONAL RIGHT TO FREEDOM OF ASSOCIATION AND CONSTITUTES AN ABUSE OF DISCRETION."
 I.
In her first assignment of error, appellant contends that the trial court's finding that she violated a condition of her probation was against the weight of the evidence.
In a probation violation proceeding, the state need not prove the violation beyond a reasonable doubt. It is sufficient to present "substantial" proof that a defendant willfully violated the terms of his or her probation. State v. Hylton (1991), 75 Ohio App.3d 778, 782; Statev. Mingua (1974), 42 Ohio App.2d 35, 40. The test ordinarily applied is highly deferential to the decision of the trial court and is akin to a preponderance of the evidence burden of proof. See State v. Alderson
(Aug. 31, 1999), Meigs App. No. 98CA12, unreported. Accordingly, the court's conclusion must be sustained if there is competent credible evidence to support it. Id.
The state argues appellant waived this argument by entering into the stipulations at the show cause hearing, equating them to a consent finding. Appellant contends that even accepting the facts as presented by the state, she committed no criminal act and, therefore, should not have been found in violation of the conditions of her probation. Neither position is wholly correct.
Appellant stipulated to the facts presented by the state at the probable cause hearing. Those facts, however, may or may not represent a probation violation. On the other hand, conduct need not rise to the level of criminal activity to constitute a probation violation. It is sufficient that the probationer willfully disobeys a lawful condition the court has placed upon his or her conduct. R.C. 2951.02(C); see, also,State v. Jones (1990), 49 Ohio St.3d 51, 53.
In this matter, appellant's probation was conditioned on the avoidance of contact with residents of Glen Eagle Condominiums. It is uncontested that the complaining party is a resident of Glen Eagle. Moreover, accepting the complainant's testimony as true, appellant encountered the complainant exiting Glen Eagle and positioned her car so as to impede that exit. Appellant maintained this position for several minutes, following which appellant yelled "asshole" at the complainant. It is reasonable to infer from this behavior that appellant chose to transform a chance encounter with a Glen Eagle resident into a confrontation, which willfully violated the court's "no contact" order. Accordingly, appellant's first assignment of error is not well-taken.
 II.
In her second assignment of error, appellant complains that the "additional" terms of probation imposed by the trial court infringe on her constitutional right to freedom of association. Specifically, appellant contends that the order prohibiting her from having any contact with any resident of Glen Eagle is impermissibly broad. See State v.Brillhart (1998), 129 Ohio App.3d 180, 185-186; State v. Maynard (1988),47 Ohio App.3d 76, 77.
Appellant by limiting her argument to the more recent "additional" terms of probation implicitly recognizes that an individual's rights, even constitutional rights, may be lost by a failure to assert them at a proper time. State v. Childs (1968), 14 Ohio St.2d 56, 62. By failing to object to or appeal the original terms of her probation, appellant is deemed to have waived any objections to those conditions. Appellant's argument that the no contact order with the residents of Glen Eagle is overly broad should have been made in an appeal of the original sentence, as this condition was contained in the original probation order. Appellant cannot bootstrap the reiteration of this condition in the second order to resurrect a complaint she did not timely raise.
Moreover, appellant asks that we measure this condition against the test for probation conditions set forth in State v. Jones supra. Appellant insists that the no contact condition (1) is not reasonably related to her rehabilitation, (2) has no relationship to the crime of which she was convicted, and (3) does not relate to future criminality. Specifically, appellant insists that she was convicted of telephone harassment against a single individual. How, she asks, does that reasonably translate into an order prohibiting contact with scores of others?
Appellant, however, has failed to provide us with a transcript of the original proceeding in this matter so that we may apply the tests she suggests. In such circumstances, we must presume the regularity of the proceedings. State v. Lumaye (1992), 76 Ohio App.3d 823, 825. Accordingly, appellant's second assignment of error is not well-taken.
On consideration whereof, the judgment of the Perrysburg Municipal Court is affirmed. Costs to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J.
Richard W. Knepper, J. and Mark L. Pietrykowski, P.J. CONCUR.