JOURNAL ENTRY and OPINION
This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs and the oral arguments of counsel.
In this accelerated appeal, defendant-appellant John P. Wykoff challenges the trial court order that denied his motion to expunge the record of his misdemeanor conviction for carrying an unloaded concealed weapon. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory decision. Crawford v. EastlandShopping Mall Assn. (1983), 11 Ohio App.3d 158.
Appellant argues in his sole assignment of error the trial court's decision that appellant is not a "first offender" pursuant to R.C.2953.31(A) and R.C. 2953.32(C)(1)(a) and therefore may not have his conviction expunged lacks an evidentiary basis in the record. Appellant further argues it is unconstitutional to deny "first offender" status to persons who have been convicted of driving under the influence of alcohol. This court disagrees with both arguments.
The record demonstrates appellant's motion for expungement of his conviction contained only the bare allegation that "said conviction was [his] first offense within the meaning of Ohio Revised Code Section2953.31 and [appellant] has had no further arrests and/or convictions." Appellant attached no affidavit verifying the truth of the foregoing assertion.
The trial court thereafter issued an order of referral of appellant to the probation department for an "expungement investigation." Subsequently, the state filed a brief in opposition to appellant's motion. The state contended appellant was not a "first offender" as required by R.C. 2953.31 since he "ha[d] a 1999 case for Driving Under the Influence out of (sic) Bratenahl, Ohio."[1] As support for the foregoing, the state directed the trial court's attention to the "Probation Report."[2] The state requested an evidentiary hearing on the matter.
At the evidentiary hearing, the trial court indicated it had reviewed appellant's case and determined to deny appellant's motion.
In the absence of any evidence to substantiate either the appellant's or the state's position on appeal, the presumption of regularity accorded to the proceedings below mandates this court overrule appellant's assignment of error. App.R. 12(A)(1)(b); State v. Lumaye (1992),76 Ohio App.3d 823; State v. Orth (Dec. 27, 1993), Clermont App. No. CA93-03-020, unreported; State v. McGowan (Dec. 15, 1983), Cuyahoga App. No. 46915, unreported; cf., State v. Chalmers (May 17, 2001), Cuyahoga App. No. 78967, unreported; State v. Conroy (Oct. 31, 1991), Cuyahoga App. No. 59179, unreported.
Appellant's additional argument concerning the constitutionality of R.C. 2953.31(A) was not raised in the trial court; hence, it was waived for purposes of appeal. State v. Awan (1986), 22 Ohio St.3d 120.
For the foregoing reasons, the order of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J. and COLLEEN CONWAY COONEY, J. CONCUR.
[1] Pursuant to R.C. 2953.31(A), a defendant seeking expungement of a misdemeanor or felony does not qualify as a "first offender" if he or she also was convicted of the offense of driving under the influence of alcohol. State v. Sandlin (1994), 86 Ohio St.3d 165.
[2] Although the state's brief indicated a copy of the "Probation Report" was attached as an exhibit, it was not.