[Cite as *State v. Ford*, 2012-Ohio-1327.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | C.A. No. 26073 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RODNEY W. FORD | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 11 03 0615 (B) |

DECISION AND JOURNAL ENTRY

Dated: March 28, 2012

WHITMORE, Presiding Judge.

{¶1} Defendant-Appellant, Rodney Ford, appeals from the judgment of the Summit County Court of Common Pleas, ordering him to pay restitution in the amount of $76,424. This Court reverses.

I

{¶2} Ford and his girlfriend, Ruth Helderlein, took and sold a coin and stamp collection from a handicapped man who received care from Helderlein. On March 18, 2011, Ford and Helderlein both were indicted of theft from the disabled, a second-degree felony in violation of R.C. 2913.02(A)(1). A hearing took place on June 6, 2011, at which the State amended Ford's charge to a third-degree felony. The prosecutor stated that the amendment stemmed from the State's understanding that Ford would be responsible for approximately $10,000 in restitution, to be paid to Lincoln Way Stamps. *See* Former R.C. 2913.02(B)(3) ("If the value of the property or services stolen is five thousand dollars or more and is less than

twenty-five thousand dollars, theft from [a] * * * disabled adult is a felony of the third degree."). Ford was to pay restitution directly to Lincoln Way because after he sold a portion of the victim's collection to that company and Lincoln Way learned what had transpired, Lincoln Way returned the portion of the collection Ford sold to the victim. Ford pleaded guilty to the amended charge.

{¶3} The sentencing hearing took place on July 5, 2011. The trial court sentenced Ford to five years in prison and ordered him to pay restitution. Specifically, the court ordered him to pay $64,000 to the victim and $12,424 to Lincoln Way Stamps.

{¶4} Ford now appeals from his sentence and raises one assignment of error for our review.

II

Assignment of Error

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ORDERING DEFENDANT-APPELLANT FORD'S RESTITUTION.

{¶5} In his assignment of error, Ford argues that the trial court erred by ordering him to pay restitution in the amount of $76,424. Specifically, he argues the trial court erred by (1) ordering him to pay restitution in excess of statutorily-defined monetary parameters for third-degree felonies under Former R.C. 2913.02(B)(3); and (2) disregarding the terms of his plea agreement with the State.

{¶6} In imposing a sentence for a felony, a court may order an offender to pay restitution "in an amount based on the victim's economic loss." R.C. 2929.18(A)(1).

> If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by

the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount.

*Id.* If a defendant fails to object to the restitution order the court imposes, he forfeits any error in the court's order, save for a claim of plain error. *State v. Ratliff*, 194 Ohio App.3d 202, 2011-Ohio-2313, ¶ 14 (2d Dist.) ("A defendant who does not dispute an amount of restitution, request a hearing, or otherwise object waives all but plain error in regards to the order of restitution."); *State v. Collins*, 9th Dist. No. 2546-M, 1997 WL 13668, *1-2 (Jan. 8, 1997).

**{¶7}** Ford did not object to the court's imposition of restitution at his sentencing hearing or request a hearing so as to dispute the amount the court ordered him to pay. *See* R.C. 2929.18(A)(1). He, therefore, is limited to a claim of plain error on appeal. *Ratliff* at ¶ 14; *Collins* at *1-2. "Crim.R. 52(B) permits a reviewing court to take notice of '[p]lain errors or defects affecting substantial rights' even if a party forfeits an error by failing to object to the error at trial." *State v. Hardges*, 9th Dist. No. 24175, 2008-Ohio-5567, ¶ 9, quoting Crim.R. 52(B).

First, there must be an error, i.e., a deviation from the legal rule. * * * Second, the error must be plain. To be 'plain' within the meaning of Crim.R. 52(B), an error must be an "obvious" defect in the trial proceedings. * * * Third, the error must have affected "substantial rights[]" [to the extent that it] * * * affected the outcome of the trial.

(Internal citations omitted.) *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). "Courts are to notice plain error 'only to prevent a manifest miscarriage of justice.'" *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 16, quoting *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

**{¶8}** Ford does not deny the fact that, pursuant to R.C. 2929.18, the trial court had the authority to impose restitution here. Instead, he challenges the amount of the restitution the trial

court ordered.  Ford argues that the trial court committed plain error by imposing $76,424 in restitution because that amount exceeds the monetary parameters of his theft offense.  We agree.

{¶9}  The version of R.C. 2913.02 in effect at the time of Ford's offense provided that "[i]f the value of the property or services stolen is five thousand dollars or more and is less than twenty-five thousand dollars, theft from an elderly person or disabled adult is a felony of the third degree."  Former R.C. 2913.02(B)(3).  "[T]he right to order restitution is limited to the actual damage or loss caused by the offense of which defendant is convicted."  (Emphasis omitted.)  *Ratliff* at ¶ 17, quoting *State v. Clifton*, 65 Ohio App.3d 117, 123 (12th Dist.1989).  *Accord* R.C. 2929.18(A)(1) (providing that "the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense").  A court may not order an offender to pay an amount of restitution in excess of the monetary parameters of his offense.  *State v. Littler*, 2d Dist. Nos. 24532 & 24533, 2012-Ohio-210, ¶ 22-26 (holding that the defendant could not be ordered to pay $121,000 in restitution where the degree of his theft conviction pertained to a theft of less than $100,000); *State v. Stiles*, 12th Dist. No. CA2011-01-003, 2011-Ohio-4173, ¶ 6-8 (holding that the defendant could not be ordered to pay $3,833 in restitution where his misdemeanor theft conviction pertained to a theft of less than $500); *Ratliff* at ¶ 17-18 (holding that defendant could not be ordered to pay more than $100,000 after she "pleaded guilty to stealing less than $100,000"); *State v. Rohrbaugh*, 191 Ohio App.3d 117, 2010-Ohio-6375, ¶ 20 (3d Dist.) (reversing a restitution order where the amount imposed exceeded the amount of stolen property for which the defendant was convicted of receiving); *State v. Brumback*, 109 Ohio App.3d 65, 82 (9th Dist.1996) ("Restitution is limited to the actual loss caused by the defendant's illegal conduct for which he was convicted.").

**{¶10}** The State concedes that the trial court erred by ordering Ford to pay restitution in an amount equal to or greater than $25,000, and the record here supports the State's concession. Because Ford pleaded guilty to the theft of property valued at $5,000 or more, but less than $25,000, the trial court could not order him to pay restitution of $25,000 or more. *Littler* at ¶ 22-26. The court committed plain error by ordering Ford to pay $76,424 in restitution.

**{¶11}** Ford also argues that the trial court erred by ordering him to pay restitution in contravention to the parties' plea agreement. According to Ford, the terms of his plea agreement limited his restitution amount to approximately $10,000. At the time Ford entered his plea, however, no specific amount was discussed. The State indicated that it believed Ford was responsible for "[t]he approximate amount [of] $10,000," but the prosecutor did not have the exact figure with her at the hearing. At the conclusion of the hearing, the court asked the State to provide a specific restitution amount along with the presentence investigation report and ordered that a restitution calculation would be performed at sentencing. There was no further discussion as to the terms of the plea agreement here. Accordingly, it is not clear from the record that the parties entered into a plea agreement that specified the exact amount of restitution attributable to Ford.

**{¶12}** Because we have already determined that the court plainly erred in its restitution order, we need not address Ford's additional argument that the parties here had a plea agreement that the trial court disregarded. *See* App.R. 12(A)(1)(c). For the reasons set forth above, Ford's assignment of error is sustained. The restitution order is vacated, and this matter is remanded for further proceedings.

III

{¶13} Ford's sole assignment of error is sustained, and the order of restitution in this case is vacated pursuant to that determination. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

———————————————
BETH WHITMORE
FOR THE COURT

DICKINSON, J.
BELFANCE, J.
CONCUR

APPEARANCES:

KRISTEN KOWALSKI, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.