[Cite as *J.B. v. B.Y.*, 2016-Ohio-7918.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

| J.B. | | C.A. No. 15CA0082-M |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| B.Y. | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. 15DV 0183 |

DECISION AND JOURNAL ENTRY

Dated: November 28, 2016

HENSAL, Judge.

{¶1}    Respondent-Appellant, B.Y., appeals from a judgment of the Medina County Court of Common Pleas, Domestic Relations Division, granting a domestic violence civil protection order in favor of Petitioner-Appellee, J.B.  For the following reasons, we affirm.

I.

{¶2}    This is an appeal from the issuance of a domestic violence civil protection order ("DVCPO") in favor of J.B. against his ex-girlfriend, B.Y., whom he lived with for several months.  One evening shortly after their breakup, B.Y. was collecting her things from J.B.'s home when J.B. noticed that a handgun had been removed from his nightstand.  J.B. testified that he and his minor son immediately left the home and went to the police station.  J.B. directed the police to his home where they found B.Y. unconscious in a locked bathroom with the handgun nearby.  B.Y. received emergency medical treatment for a prescription drug overdose and EMS

transported her to the hospital. J.B. testified that he visited B.Y. at the hospital the following day to ensure she was recovering well and to reiterate that the relationship was over.

{¶3} About a week later, J.B.'s son came home and observed B.Y. making an alcoholic drink and walking around the home as if nothing was out of the ordinary. B.Y. had gained entrance to the home by breaking the screen out of the bedroom door. J.B.'s son called J.B., who then called the police. Police arrived and instructed B.Y. to not return to the home and advised her that if she did, she would be charged with trespassing.

{¶4} Several weeks later, J.B. was told that B.Y. was posting defamatory statements about him on Facebook. Around the same time, B.Y. sent J.B. text messages saying "[y]ou hurt me, now I'm going to make you hurt" and "I guess we are back to revenge[,]" which J.B. interpreted as threats. B.Y. also e-mailed J.B. and threatened to show up at his workplace. J.B. testified that B.Y's threats and unpredictable behavior caused him to fear for his safety. B.Y. did not dispute the factual allegations, but rather attempted to excuse her actions as typical behavior following a breakup.

{¶5} After hearing testimony from both parties, the magistrate determined that J.B. was entitled to a DVCPO because B.Y. engaged in a pattern of conduct that knowingly caused J.B. to believe that she would cause him harm. In support of this finding, the magistrate cited to the fact that B.Y. took J.B.'s gun from his nightstand, overdosed on prescription medication, threatened revenge through text messages, and entered J.B.'s home by breaking the screen door. The trial court adopted the magistrate's decision and issued the DVCPO in favor of J.B. for a term of five years. B.Y. has appealed, raising one assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE EVIDENCE PRESENTED AT THE OBJECTION HEARING WAS
INSUFFICIENT TO SUPPORT THE MAGISTRATE[']S DECISION TO
GRANT THE DOMESTIC VIOLENCE CIVIL PROTECTION ORDER AND
THEREFORE WAS AGAINST THE MANIFEST WEIGHT OF THE
EVIDENCE RESULTING IN THE TRIAL COURT ERRING IN ITS ORDER
OF SEPTEMBER 1, 2015[,] WHEN IT AFFIRMED THE MAGISTRATE'S
DECISION.

{¶6} In her assignment of error, B.Y. argues that J.B. failed to show by a preponderance of the evidence that he was in danger of any imminent or future acts of domestic violence by B.Y.[1] Accordingly, she argues, the trial court's decision to grant the DVCPO was against the manifest weight of the evidence. While B.Y.'s assignment of error is captioned as a challenge to both the sufficiency and manifest weight of the evidence, the substance of her argument sounds in sufficiency, and we will analyze it accordingly. *B.C. v. A.S.*, 9th Dist. Medina No. 13CA0020-M, 2014-Ohio-1326, ¶ 4. Further, although J.B. argues that B.Y. forfeited all but plain error on appeal because she did not raise objections to the magistrate's decision, we note that, under the version of Rule 65.1 in effect at the time of the hearing, "[a] civil protection order is final and appealable and may be reviewed on appeal with or without objections being filed in the trial court." *R.C. v. J.G.*, 9th Dist. Medina No. 12CA0081-M, 2013-Ohio-4265, ¶ 5, citing Civ.R. 65.1(F)(3)(d); Civ.R. 65.1(G).

{¶7} Under the sufficiency standard, we must determine whether, viewing the evidence in the light most favorable to J.B., a reasonable trier of fact could find that he demonstrated by a preponderance of the evidence that a DVCPO should issue. *B.C.* at ¶ 6, citing *State v. Jenks*, 61

---

[1] To the extent that B.Y argues that J.B. failed to demonstrate that he was in danger of imminent physical harm, her argument is misguided given that the trial court issued the DVCPO under the pattern-of-conduct provision, not the imminent-serious-physical-harm provision.

Ohio St.3d 259 (1991), paragraph two of the syllabus. In order to grant a DVCPO, the court must conclude that the petitioner has demonstrated by a preponderance of the evidence that the petitioner and/or the petitioner's family or household members are in danger of domestic violence. *Schultz v. Schultz*, 9th Dist. Medina No. 09CA0048–M, 2010-Ohio-3665, ¶ 5, quoting *Felton v. Felton*, 79 Ohio St.3d 34 (1997), paragraph two of the syllabus.

**{¶8}** "Domestic violence" includes: "[p]lacing [a family or household member] by the threat of force in fear of imminent serious physical harm or committing a violation of [the menacing by stalking statute] * * *." R.C. 3113.31(A)(1)(b). The menacing by stalking statute, which the trial court relied upon, provides that "[n]o person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person * * *." R.C. 2903.211(A)(1). "A person acts knowingly, regardless of purpose, when [she] is aware that [her] conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when [she] is aware that such circumstances probably exist." R.C. 2901.22(B).

**{¶9}** As previously noted, B.Y. did not dispute the pertinent factual allegations (e.g., that she took J.B.'s gun from his nightstand, sent him threatening text messages, and entered his home by breaking the screen door), and J.B. testified that B.Y.'s threats and unpredictable behavior caused him to fear for his safety. We find that J.B.'s fear was reasonable under the circumstances, especially in light of B.Y.'s explicit threat to harm him. *See J.B. v. Harford*, 9th Dist. Summit No. 27231, 2015-Ohio-13, ¶ 30 (noting that "[t]he reasonableness of the petitioner's fear may be relevant in determining whether the respondent *knowingly* caused such fear through h[er] actions."). Viewing the evidence in the light most favorable to J.B., we hold that the trial court could have reasonably concluded that J.B. demonstrated by a preponderance

of the evidence that B.Y. acted knowingly (i.e., that she was aware that her actions would probably cause J.B. to fear physical harm), that J.B. did in fact fear physical harm, and that his fear was reasonable. *Id.* at ¶ 31. Accordingly, B.Y.'s assignment of error is overruled.

### III.

**{¶10}** B.Y.'s assignment of error is overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

DAVID V. GEDROCK, Attorney at Law, for Appellant.

J. B., pro se, Appellee.