[Cite as *State v. Anderson*, 2018-Ohio-342.]

STATE OF OHIO       )
      )ss:
COUNTY OF LORAIN     )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

STATE OF OHIO

    Appellee

    v.

LEE ANDERSON

    Appellant

C.A. Nos.    16CA011068
              16CA011069
              16CA011070
              16CA011071
              16CA011072

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    14CR090045
              14CR090048
              14CR090049
              14CA090050
              14CR090051

DECISION AND JOURNAL ENTRY

Dated: January 29, 2018

---

HENSAL, Presiding Judge.

**{¶1}** Lee Anderson appeals his sentence from the Lorain County Court of Common Pleas. We reverse and remand for further proceedings.

I.

**{¶2}** This consolidated appeal stems from five separate criminal cases wherein Lee Anderson pleaded guilty to a total of five counts of failing to pay child support in violation of Revised Code Section 2919.21(B), felonies of the fifth degree. Relevantly, the trial court continued the sentencing hearing to allow the parties to research whether it had the authority to

impose an anti-procreation condition as part of Mr. Anderson's community control. Both parties submitted briefs to the trial court and discussed the matter at the sentencing hearing.

{¶3}    The trial court ultimately sentenced Mr. Anderson to community control for a term of five years. As a condition of his community control, the trial court ordered Mr. Anderson to "make all reasonable efforts to avoid impregnating a woman during the community control period or until such time that [Mr. Anderson] can prove to the Court that he is able to provide support for his children he already has and is in fact supporting the children or until a change in conditions warrant[s] the lifting of this condition." Mr. Anderson has appealed the trial court's sentence, raising one assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT INFRINGED APPELLANT'S DUE PROCESS AND EQUAL PROTECTION RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE CONSTITUTION AND ARTICLE I, SECTIONS ONE, TWO, AND SIXTEEN OF THE OHIO CONSTITUTION AND APPELLANT'S RIGHT TO PRIVACY UNDER THE NINTH AMENDMENT TO THE CONSTITUTION AND ARTICLE 1, SECTION TWENTY OF THE OHIO CONSTITUTION WHEN IT IMPOSED A PROBATION CONDITION ON APPELLANT TO TAKE REASONABLE STEPS TO AVOID CONCEIVING ANOTHER CHILD WHILE HE IS ON PROBATION.

{¶4}    In his sole assignment of error, Mr. Anderson argues that the trial erred when it ordered him to take reasonable steps to avoid conceiving another child while on community control. He makes two primary arguments in this regard, one of which is based upon a constitutional challenge, the other of which is based upon the Ohio Supreme Court's decision in *State v. Jones*, 49 Ohio St.3d 51 (1990), which is a non-constitutional challenge.[1] *See State v.*

---

[1] While Mr. Anderson's assignment of error is captioned solely as a challenge to the constitutionality of the community-control condition, his argument as it relates to *Jones* is non-constitutional and will be analyzed accordingly. *See, e.g.*, *J.B. v. B.Y.*, 9th Dist. Medina No.

*Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, ¶ 11 ("*Talty II*") ("[O]ur opinion in *Jones* * * * addressed only a nonconstitutional challenge to the condition."). Although Mr. Anderson's merit brief, at times, presents a combined analysis of these issues, we will address them separately, as they are two distinct legal issues. Further, we must first decide whether his non-constitutional argument is dispositive, as "courts decide constitutional issues only when absolutely necessary." *Smith v. Leis*, 106 Ohio St.3d 309, 2005-Ohio-5125, ¶ 54; *Talty II* at ¶ 9 (addressing the non-constitutional challenge to a community-control condition under *Jones* first to determine whether it was dispositive). We, therefore, will begin with a non-constitutional analysis under *Jones*.

{¶5} The Ohio Supreme Court's decision in *Jones*, which addressed a probation condition[2] that ordered the defendant to "have no association or communication, direct or indirect, with anyone under the age of eighteen (18) years not a member of his immediate family[,]" "stands for the proposition that probation conditions must be reasonably related to the statutory ends of probation and must not be overbroad." *Jones* at 52; *Talty II* at ¶ 16. The *Jones* Court began its analysis by citing the probation statute in effect at the time, which provided that a trial court may impose a condition on probation that is related to the "interests of doing justice, rehabilitating the offender, and insuring his good behavior[.]" *Jones* at 52, quoting former R.C. 2951.02(C). The current community-control statute provides the same language, with the exception of the replacement of "his" with "offender[.]" *See* R.C. 2929.25(C)(2) ("In the

---

15CA0082-M, 2016-Ohio-7918, ¶ 6 (analyzing the substance, rather than the caption, of an assignment of error).

[2] The Ohio Supreme Court decided *Jones* prior to the statutory replacement of probation with community control as a possible sentence under Ohio's felony sentencing law. *See Cleveland Bar Assn. v. Cleary*, 93 Ohio St.3d 191, 192 (2001), fn. 1. Notwithstanding, the Court subsequently indicated that it saw "no meaningful distinction between community control and probation for purposes of reviewing the reasonableness of their conditions[,]" and determined that the analysis set forth in *Jones* remains applicable "[b]ecause community control is the functional equivalent of probation[.]" *Talty II* at ¶ 16.

interests of doing justice, rehabilitating the offender, and ensuring the offender's good behavior * * *.").

{¶6} After citing the statutory requirements for probation conditions, the *Jones* Court set forth a three-part test for determining whether a condition meets those requirements, providing that "courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." *Jones* at 53. It also observed that "conditions cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty." *Id.* at 52.

{¶7} While the *Jones* Court did not address a community-control condition similar to the one at issue in this case, the Ohio Supreme Court's subsequent decision in *Talty II* did, and applied its reasoning from *Jones*. Notably, *Talty II* involved an appeal from this Court wherein this Court held that a community-control condition that ordered the defendant to "make all reasonable efforts to avoid conceiving another child while under the supervision of the * * * Probation Department" satisfied the three-part *Jones* test, and that it was not overbroad. *State v. Talty*, 9th Dist. Medina No. 02CA0087-M, 2003-Ohio-3161, ¶ 4, 31-34 ("*Talty I*").

{¶8} The Ohio Supreme Court in *Talty II* reversed this Court on the basis that the community-control condition was, "by any objective measure, overbroad" because it "restrict[ed] the defendant's] right to procreate without providing a mechanism by which the prohibition can be lifted if the relevant conduct should change." *Talty II* at ¶ 20. In reaching this conclusion, the Court distinguished the underlying facts from those in a Wisconsin Supreme Court case wherein it upheld an anti-procreation probation condition that included a stipulation that the court would terminate the condition if the defendant could prove that he could support his other children. *Id.*

at ¶ 18, 19, citing *State v. Oakley*, 245 Wis.2d 447 (2001). The *Talty II* Court specifically "d[id] not determine whether a mechanism that allowed the antiprocreation condition to be lifted would have rendered the condition valid under *Jones*," but stated that "such a mechanism would have been, at the very least, an easy alternative that would have better accommodated [the defendant's] procreation rights at de minimis costs to the legitimate probationary interests of rehabilitation and avoiding future criminality." *Id.* at ¶ 21. Aside from determining that the community-control condition was overbroad, the *Talty II* Court implicitly adopted the remainder of this Court's analysis of *Jones* from *Talty I*. *See, e.g.*, *Talty II* at ¶ 21 (acknowledging that the anti-procreation condition satisfied "the legitimate probationary interests of rehabilitation and avoiding future criminality").

{¶9} Now before this Court is a community-control condition of the type contemplated under *Talty II*, but which the *Talty II* Court specifically declined to decide: an anti-procreation condition that contains a lifting mechanism. Despite asserting that the community-control condition failed to satisfy the *Jones* test, Mr. Anderson's merit brief provides little support for his argument, the gist of which is that, because he was not convicted of a crime involving procreation, the community-control condition is not reasonably related to rehabilitation. But the *Talty II* Court, through its review and analysis of *Talty I*, has implicitly rejected this argument, holding only that the community-control condition failed under *Jones* because it was overbroad. *Talty II* at ¶ 20. As an intermediate court of appeals, we are bound by the Ohio Supreme Court's precedent. *State v. Dickens*, 9th Dist. Lorain No. 07CA009218, 2008-Ohio-4404, ¶ 25 ("An appellate court has no authority to overrule decisions of the Ohio Supreme Court but is bound to follow them."). We, therefore, reject Mr. Anderson's argument to the extent he challenges the community-control condition under the three-part *Jones* test.

**{¶10}** Our analysis under *Jones*, however, does not end there. As previously noted, *Jones* also stands for the proposition that a community-control condition cannot be overbroad. *Talty II* at ¶ 16. Mr. Anderson, however, has not developed an argument with respect to the overbroad nature of the community-control condition. *See* App.R. 16(A)(7). Indeed, his merit brief acknowledges that the *Talty II* Court held that the community-control condition at issue (i.e., "make all reasonable efforts to avoid conceiving another child while under the supervision of the * * * Probation Department") was overbroad because it did not contain a lifting mechanism, and further acknowledges that the community-control condition in this case does, in fact, contain a lifting mechanism. While the *Talty II* Court purposefully did not decide whether such a lifting mechanism would survive under *Jones*, Mr. Anderson has presented no argument as to why it would not. Instead, he argues that the lifting mechanism contemplates acts that are out of his control or are tied to his financial well-being, such that there is no real, meaningful lifting mechanism. To the extent that an argument exists regarding the overbroad nature of the community-control condition – and, thus, its failure to satisfy *Jones* as contemplated under *Talty II* – it is not this Court's duty to root it out. *Cardone v. Cardone*, 9th Dist. Summit Nos. 18349, 18673, 1998 Ohio App. LEXIS 2028, *22 (May 6, 1998) ("If an argument exists that can support [an] assignment of error, it is not this [C]ourt's duty to root it out.").

**{¶11}** In light of the arguments presented and the Ohio Supreme Court's analysis in *Talty II*, we find that Mr. Anderson's non-constitutional challenge to the community-control condition is not dispositive. We, therefore, are compelled to address his challenge to the constitutionality of the community-control condition. *Smith*, 106 Ohio St.3d 309, 2005-Ohio-5125, at ¶ 54 ("[C]ourts decide constitutional issues only when absolutely necessary.")

{¶12} Mr. Anderson argues that the community-control condition directly impacts a fundamental right (i.e., his right to procreate) and should be reviewed under a strict-scrutiny standard of review. The trial court's judgment entry, however, does not address Mr. Anderson's constitutional argument. Instead, it provides an analysis under *Jones* only. Nor does the record contain any written decision with respect to the briefs the parties filed prior to sentencing, which addressed the trial court's authority to impose an anti-procreation condition. "Because this Court acts as a reviewing court, it should not consider for the first time on appeal issues that the trial court did not decide." *Allen v. Bennett*, 9th Dist. Summit Nos. 23570, 23573, 23576, 2007-Ohio-5411, ¶ 21. Doing so would result in this Court "usurping the role of the trial court and exceeding its authority on appeal." *Id.* We, therefore, reverse and remand the matter for the trial court to consider Mr. Anderson's constitutional argument in the first instance. Mr. Anderson's assignment of error is sustained on that basis.

III.

{¶13} Mr. Anderson's assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed, and the cause is remanded for further proceedings.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

GIOVANNA V. SCALETTA-BREMKE, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and JENNIFER GOODALL, Assistant Prosecuting Attorney, for Appellee.