[Cite as *State v. Chapman*, 2019-Ohio-3535.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | | C.A. No.    18CA011377 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| LONDON CHAPMAN | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE Nos.    15CR092067 |
| | | 15CR092068 |
| | | 15CR092069 |
| | | 15CR092070 |
| | | 15CR092071 |

DECISION AND JOURNAL ENTRY

Dated: September 3, 2019

TEODOSIO, Presiding Judge.

{¶1}    Defendant-Appellant, London Chapman, appeals from the judgment of the Lorain County Court of Common Pleas.  This Court affirms.

I.

{¶2}    Mr. Chapman pleaded guilty to eleven counts of felony non-support, having failed to pay child support in six different cases for several years.  The trial court notified the parties that it intended to impose an anti-procreation condition upon Mr. Chapman as part of his sentence and gave them an opportunity to brief the constitutionality of such a condition.  It ultimately imposed a sentence of five years of community control and ordered, as a condition of that sentence, that Mr. Chapman "make all reasonable efforts to avoid impregnating a woman during the community control period or until such time that [he] can prove to the Court that he is

able to provide support for his children he already has and is in fact supporting the children or until a change in conditions warrant the lifting of this condition."

{¶3} Mr. Chapman appealed from his sentence and challenged the anti-procreation condition on both constitutional and non-constitutional grounds. *See State v. Chapman*, 9th Dist. Lorain Nos. 16CA010969, 16CA01070, 16CA01071, 16CA01072, 16CA01073 & 16CA01074, 2018-Ohio-343. We rejected his non-constitutional challenges, but declined to review the remainder of his argument. *Id.* at ¶ 9-12. Because the trial court's judgment entry did not address Mr. Chapman's constitutional challenges, we reversed and remanded the matter for the trial court to consider his constitutional arguments in the first instance. *Id.* at ¶ 12.

{¶4} On remand, Mr. Chapman filed an additional brief in support of his argument, and the trial court conducted a short hearing. The court ultimately rejected Mr. Chapman's arguments and found its anti-procreation condition to be constitutionally sound. It, therefore, sentenced Mr. Chapman to five years of community control and ordered him subject to the same anti-procreation condition that it had imposed in its original judgment entry. It further ordered him to pay restitution and past court-ordered child support arrearages in each of his six cases. The total amount that the court imposed exceeded $220,000.

{¶5} Mr. Chapman now appeals from the trial court's judgment and raises two assignments of error for our review.

II.

**ASSIGNMENT OF ERROR ONE**

THE TRIAL COURT INFRINGED APPELLANT'S DUE PROCESS AND EQUAL PROTECTION RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE CONSTITUTION AND ARTICLE I, SECTIONS ONE, TWO, AND SIXTEEN OF THE OHIO CONSTITUTION AND APPELLANT'S RIGHT TO PRIVACY UNDER THE NINTH AMENDMENT TO THE CONSTITUTION AND ARTICLE I, SECTION TWENTY OF THE

OHIO CONSTITUTION WHEN IT IMPOSED A PROBATION CONDITION ON APPELLANT TO TAKE REASONABLE STEPS TO AVOID CONCEIVING ANOTHER CHILD WHILE HE IS ON PROBATION.

{¶6} In his first assignment of error, Mr. Chapman argues that the trial court erred when it ordered him to comply with the anti-procreation condition of his community control. He challenges the condition on both non-constitutional and constitutional grounds. For the following reasons, this Court rejects his arguments.

{¶7} "The doctrine of law of the case 'provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.'" *State v. Chapman*, 190 Ohio App.3d 528, 2010-Ohio-5924, ¶ 7 (9th Dist.), quoting *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984). The doctrine "is rooted in principles of res judicata and issue preclusion * * *." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 35. "Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59. It "promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 18.

{¶8} To the extent Mr. Chapman has challenged the anti-procreation condition on non-constitutional grounds, his argument is barred by the doctrines of law of the case and res judicata. During his first appeal, Mr. Chapman challenged the same condition on non-constitutional grounds. *See Chapman*, 2018-Ohio-343, at ¶ 4. This Court rejected his arguments, finding that he failed to show the condition offended either the three-part test enunciated in *State v. Jones*, 49 Ohio St.3d 51 (1990), or *Jones'* prohibition against overbroad

conditions. *See id.* at ¶ 9-11. We remanded the matter to the trial court solely for it to consider Mr. Chapman's constitutional challenge in the first instance. *See id.* at ¶ 12. Thus, Mr. Chapman already had a full and fair opportunity to present this Court with his non-constitutional challenge, and he may not now relitigate that issue. *See Ketterer* at ¶ 59; *Saxon* at ¶ 18. Under the law of the case doctrine, our prior decision is dispositive. *See Nolan* at 3. We, therefore, limit our review to the merits of Mr. Chapman's constitutional challenge.

{¶9} Appellate courts generally "review [a] trial court's imposition of community-control sanctions under an abuse-of-discretion standard." *State v. Talty* ("*Talty II*"), 103 Ohio St.3d 177, 2004-Ohio-4888, ¶ 10. Yet, a de novo standard of review applies when a reviewing court is presented with a constitutional challenge. *State v. Honey*, 9th Dist. Medina No. 08CA0018-M, 2008-Ohio-4943, ¶ 4. "A de novo review requires an independent review of the trial court's decision without any deference to [its] determination." *State v. Consilio*, 9th Dist. Summit No. 22761, 2006-Ohio-649, ¶ 4.

{¶10} "It is undisputed that the right to procreate is considered fundamental under the United States Constitution * * *." *Talty II* at ¶ 8. Mr. Chapman contends that, because the anti-procreation condition infringes upon his fundamental right to procreate, it is subject to strict-scrutiny review. He argues that it was the State's burden to prove that the condition was narrowly tailored to meet a compelling state interest. *See, e.g., State v. Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, ¶ 18. Because the State failed to do so, he argues, the anti-procreation condition is unconstitutional and cannot stand.

{¶11} On more than one occasion, this Court has recognized that probation conditions, even when they infringe upon fundamental rights, are valid so long as they satisfy the test set forth in *State v. Jones*, *supra*. *See State v. Conkle*, 129 Ohio App.3d 177, 179 (9th Dist.1998),

*appeal not allowed*, 84 Ohio St.3d 1433; *State v. Brillhart*, 129 Ohio App.3d 180, 184 (9th Dist.1998); *State v. Talty* ("*Talty I*"), 9th Dist. Medina No. 02CA0087-M, 2003-Ohio-3161, ¶ 15-17, *rev'd on other grounds*, *Talty II*, 103 Ohio St.3d 177, 2004-Ohio-4888. Strict-scrutiny review is not warranted in those instances because probationers "do not enjoy the same degree of liberty as citizens who have not violated the law." *State v. Oakley*, 245 Wis.2d 447, 466 (2001). *Accord Talty I* at ¶ 18; *Brillhart* at 184; *State v. Taylor*, 9th Dist. Lorain Nos. 13CA010366, 13CA010367, 13CA010368 & 13CA010369, 2014-Ohio-2001, ¶ 22 (Carr, J., concurring in judgment only). "As long as a condition of probation meets [the *Jones*] test, the imposition of the condition is not grounds for reversal." *Conkle* at 179. Moreover, the *Jones* test "applies with equal force to community-control sanctions." *Talty II* at ¶ 16.

{¶12} Mr. Chapman has made no attempt to distinguish the foregoing case law or to explain why this Court ought to abandon its precedent. *See* App.R. 16(A)(7); *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998). Accordingly, we abide by our prior decisions and reject his argument that the anti-procreation condition is subject to strict-scrutiny review. *See Conkle* at 179; *Brillhart* at 184; *Talty I* at ¶ 15-16. Because the anti-procreation condition is not subject to heightened review and we have already rejected Mr. Chapman's argument that the condition must fail on non-constitutional grounds, *see Chapman*, 2018-Ohio-343, at ¶ 9-11, we conclude that his argument lacks merit. Accordingly, his first assignment of error is overruled.

**ASSIGNMENT OF ERROR TWO**

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT ORDERED RESTITUTION IN EXCESS OF THE ARREARS THAT ACCRUED DURING THE PERIOD IN THE INDICTMENT.

{¶13} In his second assignment of error, Mr. Chapman argues that the trial court erred when it ordered him to pay restitution and child support arrearages in one lump sum. He acknowledges that the court had the authority to impose both awards, *see State v. Hodge*, 9th Dist. Lorain No. 14CA010648, 2015-Ohio-3724, ¶ 5-9, and has not challenged the amounts due. Instead, he asks us to address "whether it is proper for the court to address the restitution and arrears as one whole amount." He asserts that it could be important to know the exact amounts attributable to each in the event "there is a forgiveness or a reduction * * *."

{¶14} The record reflects that Mr. Chapman did not object to the court's restitution/arrearage award on the foregoing basis or otherwise raise this issue in the lower court. He only objected to the court's award on the basis that it encompassed a timeframe outside his indictment period; an argument he has since abandoned. Because Mr. Chapman failed to object or otherwise raise this issue in the lower court, he has forfeited this issue for appeal. *See State v. Ford*, 9th Dist. Summit No. 26073, 2012-Ohio-1327, ¶ 6. While the forfeiture would not preclude him from raising a claim of plain error, Mr. Chapman has not done so. *See id.* This Court, therefore, rejects his argument on the basis that he has not preserved it for appeal. *See State v. Stevens*, 9th Dist. Medina Nos. 16CA0033-M & 16CA0034-M, 2017-Ohio-5482, ¶ 21 ("When an appellant does not develop a plain error argument in his brief, this Court will not create one on his behalf."). Mr. Chapman's second assignment of error is overruled.

III.

{¶15} Mr. Chapman's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

GIOVANNA V. BREMKE, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and JENNIFER GOODALL, Assistant Prosecuting Attorney, for Appellee.